## MINERVA S. PATTERSON v. J. M. DUSHANE.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS OF FAYETTE COUNTY.

Argued May 14, 1890—Decided October 6, 1890.
[To be reported.]

1. When the question is, whether certain government bonds belonged to the estate of a decedent, an interested witness may testify that after the decedent's death he found them on deposit in a bank in her name. That this fact would be inferential proof that they were so deposited in the decedent's lifetime, does not render the witness's testimony incompetent: Rothrock v. Gallaher, 91 Pa. 108.

2. When the deposition of a deceased witness has been read in evidence, it is competent, for the purpose of affecting its credibility, to show that the witness, after the deposition was taken, declared that he had made a certain mistake in his testimony; though, if he were living, he should first be recalled and asked whether he made such declaration.

3. But, where the declaration of the deposing witness was merely that he had made a mistake in his testimony, without saying what the mistake was, then, even if proof of his declaration were inadmissible, the declaration would be of insignificant consequence, and its admission not error.

4. A distributee, who, with knowledge that certain securities have been

Statement of Facts.

inventoried as part of a decedent's estate and accounted for in the executor's settlement, confirmed by the Orphans' Court, accepts, in accordance with a decree of distribution, a share of a fund made up in part of their proceeds, is estopped from afterwards asserting that they were his own private property.

Before STERRETT, GREEN, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 2 July Term 1890, Sup. Ct.; court below, No. 171 March Term 1880, C. P.

On February 7, 1880, Minerva S. Patterson and M. M. Patterson, her husband, brought trover, in her right, against Joshua M. Dushane, to recover the value of certain United States bonds, the par value of which was $10,500. The defendant pleaded not guilty.

At the trial on February 2, 1882, a verdict was rendered for the defendant, and on January 6, 1886, judgment was entered thereon. Upon a writ of error No. 250 January Term 1887, Sup. Ct., the judgment was reversed and a venire facias de novo awarded: Patterson v. Dushane, 115 Pa. 334.

At the second trial, on February 22, 1888, the following facts were shown:

Mrs. Sidney Connell, who died in November, 1875, was a childless widow, residing at the time of her death in Connellsville. She was an aunt of the plaintiff, Mrs. Patterson, who for some time prior to her death resided with her. Mrs. Patterson was at that time unmarried, her name being Minerva Colestock. Mrs. Connell was possessed of some property, and it was admitted that the bonds in controversy in this case belonged to her prior to July, 1875. Testimony for the plaintiffs tended to show that in the month named Mrs. Connell made a gift of the bonds to Mrs. Patterson, accompanied with delivery, and that in October, 1875, Mrs. Patterson handed them to the defendant for safe keeping.

After Mrs. Connell's death, a will, executed by her May 27, 1875, giving legacies to Mrs. Patterson and others, making the defendant residuary legatee and appointing him executor, was admitted to probate, and letters testamentary thereon were granted to the defendant. Acting as executor, the defendant had an inventory and appraisement of the estate made

and filed, the bonds in question, as was alleged, being included therein. The defendant, testifying on his own behalf, stated that the appraisers and himself, while engaged in making up the inventory, went to the Youghiogheny Bank and there found the bonds in question:

Mr. Boyle: Now I offer to ask the witness in whose name he found them deposited in the Youghiogheny Bank.

Mr. Lindsey: If the court please, I make the same objection as I made before, that the answer of the witness involves events happening in the lifetime of Sidney Connell, necessarily; and therefore he is incompetent to answer, it already appearing from the evidence of the plaintiff that the bonds were deposited, in the lifetime of Sidney Connell, by Captain Dushane for Minerva Patterson.

By the court: I think it is a pretty close question, Mr. Boyle, but I am disposed to rule in your favor, although I have very serious doubts about it. We will overrule the objection and give the plaintiffs an exception.[1]

Q. Now you may state, sir, when you went to make this appraisement and appraised the bonds, in whose name they were then standing in bank? A. They were standing in the name of Mrs. Sidney Connell.

After the defendant had entered upon the performance of his duties as executor, an appeal to the Orphans' Court from the decision of the register, admitting the will to probate, was taken by one or more of the heirs at law of Mrs. Connell, which resulted in a decree setting aside the probate of the will: Dushane's App., 4 W. N. 78. Thereupon, Joseph Colestock was appointed administrator of the decedent's estate. The defendant then settled a final account, in which, as was alleged, he was charged with the bonds, and paid over the balance exhibited by the account to the administrator. About the time of instituting the will contest, the parties interested, including Mrs. Patterson, entered into a written agreement providing that such blood relatives of the decedent as were given legacies in the will should receive them, notwithstanding the proceeding might result in setting the will aside. Upon the settlement of the administrator's account the funds in his hands, a part of which, as was alleged, represented the bonds in controversy in this suit, were distributed by the Or-

Statement of Facts.

phans' Court in accordance with that agreement, and Mrs. Patterson received her legacy and also, as was alleged, her proportionate share of the estate as one of the heirs at law.* The agreement of the parties, the accounts of the executor and the administrator, the auditor's report making distribution, and the receipts given by the distributees, were all in evidence, but none of them were printed in the paper-book.

Testimony for the defendant tended to prove that Mrs. Patterson, when she received her distributive share, knew that the proceeds or value of the bonds had been paid to the administrator by the defendant and entered into the balance for distribution. There was other testimony for the defendant tending to rebut the allegation of the plaintiff that the bonds were given to her by Mrs. Connell.

The testimony of George W. Johnston, one of the plaintiff's witnesses, had been taken by deposition, and the witness was dead at the time of the trial. The defendant being upon the stand as a witness, his counsel asked him to state whether he had had a conversation with Johnston after the taking of that deposition :

A. Yes, sir.

Mr. Lindsey : If the court please, I think that would not be competent, on the ground that that witness is now dead and cannot meet the testimony of the witness.

By the court : I think that the witness is competent, if the testimony is competent. The objection is not without merit, although we will rule against it.

Mr. Lindsey : What is it offered for?

Mr. Boyle : For the purpose of contradiction.

Mr. Lindsey : I object, on the further ground that the counsel says that it is for the purpose of contradiction; and the testimony is therefore inadmissible, because the witness in such case must be asked in regard to the conversation, and if he deny it the testimony will be competent.

By the court : Objection is overruled; exception.[2]

Q. You may now state, sir; you say you had a conversation with him about his testimony? A. Yes, sir. Q. What did he say, if anything, as to having or not having been mistaken in

*See Patterson's App., 116 Pa. 8.

Charge of Court below.

the matter he testified to? A. He said that he supposed that I thought hard of him for that testimony, but it was all a mistake, and when he got well,—he was sick at the time,—but when he got well, he would help me set the matter all straight. Q. Did he give any reason why it was a mistake? A. He gave no reason. I asked him if these folks here knew it, and he said that these folks here knew that the testimony was not right.

At the close of the testimony, the court, INGHRAM, P. J., charged the jury in part as follows:

It will be your duty to ascertain, first, whether there was a gift of these bonds, and a delivery of the possession of them by Sidney Connell to the plaintiff, Minerva Patterson. If there was, did she deliver them,—Mrs. Patterson,—to Capt. Dushane for safe keeping, and has she made a demand upon him, and has he refused to return them. If you should find the facts to be as claimed by the plaintiffs in that respect, the plaintiff would be entitled to a verdict at your hands for the amount of the bonds, with their interest down to the present time, unless she has estopped herself from asking a verdict at your hands, by her subsequent acts. So that one of the first matters for you to determine is whether there has been a gift of the bonds by Sidney Connell to Minerva Patterson, and a delivery of possession. If you find that there was such a gift, and such a delivery of possession, then it will be your duty to inquire, further, as to whether she has by her subsequent acts estopped herself from recovering as against the defendant in this action the amount of those bonds.

If you should, in the first instance, determine from the evidence that there was no such gift and delivery of possession of the bonds, as claimed by the plaintiff, then you need go no further, but return a verdict for the defendant. But if you determine from the evidence that there was such a gift and a delivery of the possession, then it would be your duty to determine from the evidence whether Mrs. Patterson has estopped herself from now claiming the amount of those bonds in this action; and it will be your duty to determine from the evidence, whether the claim set up by the defendant as to her acts after the setting aside of the will, beginning I believe with the

Charge of Court below.

date of this agreement for the setting aside of the will, and the collection and distribution of the assets of the estate, that she participated in that distribution, has been established or not. [If you should find from the evidence that Miss Colestock, or Mrs. Patterson, with a full knowledge that the bonds had been included in the inventory and appraisement, joined with the heirs and other legatees of Sidney Connell, in making a distribution or in sharing in the distribution of the assets of the estate, including these bonds, she having a full knowledge that they were included in the distribution, and she having received what was allowed as her proportion in this distribution, she would be estopped in this action, and would not now have a right to recover a verdict at your hands for the amount claimed, or any other amount.] [9]   If, however, she did do so without full knowledge ; if she did it in ignorance of the fact that the bonds were included in the inventory and appraisement, and in the account, first, of Capt. Dushane and afterwards in the account of Joseph Colestock, and in the various distributions made by the auditor; if in all these matters she was ignorant of the fact that those bonds were included in those distributions and in the accounts, then she would not be bound by her action and would still have a right to recover a verdict at your hands, provided you find in the first instance that there was a gift of the bonds and a delivery of possession.   If she did these things, as claimed by the defendant, with a full knowledge of the fact that the bonds were included in the inventory and appraisement, in the account of Dushane and the account of Joseph Colestock, and received her proportion of the distribution of the estate, then she would be estopped from claiming anything at your hands and your verdict would be for the defendant. It will be simply a question of fact under the evidence in the case. . . . .

The verdict of the jury was in favor of the defendant. A rule for a new trial having been discharged, judgment was entered on the verdict, when the plaintiffs took this appeal, assigning for error, inter alia :

1, 2. The admission of the defendant's offers.[1] [2]

9. The part of the charge embraced in [ ] [9]

Arguments.

*Mr. R. H. Lindsey* (with him *Mr. A. D. Boyd* and *Mr. R. E. Umbel*) for the appellants: .

1. The defendant was not competent to testify in what name the bonds were deposited. When testimony as to a fact existing after death, relates to that which existed or took place in the decedent's lifetime, the witness is incompetent, if interested: Tinstman v. Croushore, 104 Pa. 192; Adams v. Edwards, 115 Pa. 211; Shultz v. Boehme, 1 Mona. 245. And the defendant's offer to contradict the witness Johnston, was inadmissible, because the intended contradiction had not first been called to the attention of the deposing witness, so as to give him an opportunity to explain, upon the witness stand, what he had previously said: Greenleaf Ev., § 462; Conrad v. Griffey, 16. How. 38; Carlisle v. Hewley, 16 Ala. 623; Bock v. Weighant, 5 Ill. App. 643; State v. McGlaughlin, 44 Ia. 82; Hart v. Hudson B. Co., 84 N. Y. 56; Uns v. Charlton, 12 Gratt. 484; The Queen's Case, 2 Brod. & Bing. 313.

2. This case does not come under the doctrine of equitable estoppel. That applies only when there is concealment or misrepresentation of material known facts; ignorance of the truth on the part of the other party; an intention that the other party should act; and acts done or omitted by him on the faith of the representation: Stevens v. Dermett, 51 N. H. 324; People v. Brown, 67 Ill. 435. The party invoking the estoppel must have been misled and injured by acting upon the representation: Diller v. Brubaker, 52 Pa. 498. There is nothing in the evidence to bring Mrs. Patterson within the rule. Mere acquiescence or waiver of right, without consideration, will not be binding, if a change of purpose do not materially affect the rights of others: Ripley v. Insurance Co., 30 N. Y. 136 (86 Am. Dec. 362); Cruger v. Dougherty, 43 N. Y. 107; Watt v. McGallaird, 67 Ill. 513; Miller v. Miller, 5 Heisk. 723.

3. Again; the consent or acquiescence must have been with knowledge of the facts, and sometimes even with an understanding of the party's rights under the law: Ellsworth v. Ellsworth, 33 Ia. 164; Charlestown v. Commissioners, 109 Mass. 270; Berridge v. Glassey, 20 W. N. 50; Brown v. Dysinger, 1 R. 408; Koontz v. Hammond, 62 Pa. 177; at least, unless it is shown that others have acquired rights on the faith of them:

Opinion of the Court.

Putnam v. Tyler, 117 Pa. 570; Water's App., 35 Pa. 523; Edelman v. Yeokel, 27 Pa. 26. Mrs. Patterson would not be estopped even by giving the bonds to the appraisers as a part of the estate: Sanford v. Sanford, 45 N. Y. 69; s. c. 58 N. Y. 723. Moreover, the defendant, who was fraudulently endeavoring to have these bonds brought into the residuary fund which he expected to take under the will, is not in a position to invoke an estoppel: Hill v. Canfield, 63 Pa. 77.

*Mr. Edward Campbell*, for the appellee, presented no paper-book.

OPINION, MR. JUSTICE GREEN:

We think the first assignment of error is not sustained. The fact as to the name in which the bonds were found to be deposited after the death of Sidney Connell was a fact then existing. It was a relevant fact of which it was proper to give evidence. Nothing more than this particular fact was offered to be proved. The fact that the bonds were found at that time to be deposited in the name of Sidney Connell would be inferential proof, only, that they had been so deposited during the life of Sidney Connell. In Rothrock v. Gallaher, 91 Pa. 108, we decided a very similar question, and held that the testimony was admissible, because it simply tended inferentially to prove that the same fact existed prior to the death, as was found to exist after the death of the deceased person. We re-affirmed this distinction in the case of Foster v. Collner, 107 Pa. 305, and again in Adams v. Edwards, 115 Pa. 211, and as we think it perfectly sound we see no reason to depart from it.

As to the second assignment, it must be observed that the conversation with Johnston, which was offered in evidence, took place after his deposition had been taken. He could not have been asked the question, on the taking of his deposition, whether such a conversation had taken place, because it had not then occurred. It is true that when the offer was made counsel stated it was for the purpose of contradiction, but that was a mistaken view of the true character of the testimony offered. It was not a contradiction, because the witness Johnston had not been asked whether he had ever made the statement attributed to him. But it was his own declaration, tending

### Opinion of the Court.

to impair the effect of his previous testimony, and as such we know of no reason why it was not competent. Of course, if the witness had then been living, he should first have been recalled to the stand, and asked whether he had made the declaration in question. But that was impossible, by reason of his death; and the question is, whether, if a witness who is dead at the trial has declared his own infamy or mistake in giving previous testimony, that fact may be proved to affect his credit, when that previous testimony is offered and admitted on the present trial. In this instance, the declaration of the deceased witness was of the most insignificant consequence. It was to the effect that the witness had made a mistake in his former testimony, but what the mistake was he did not say, and of course no one can know whether it was serious, or trivial, or what it was. We could not reverse for so trifling a cause, even if we thought the declaration was wrongly admitted, which we do not.

The remaining assignments are properly discussed together by counsel for appellants, as they really raise but one question. The learned court below very carefully and with entire correctness left to the jury the question whether there ever was a gift of the bonds in suit to Mrs. Patterson, and he charged them if they found there was no such gift their verdict should be for the defendant. The jury found a verdict for the defendant, and, if there were no other questions submitted to them, the verdict would be conclusively settled against the plaintiff. There was another question of fact submitted to them, however, and, as no special verdict was taken, we cannot tell on which question the finding was based. The case was a very proper one for a special verdict, and it is to be regretted that such a course was not pursued, as we would then know directly how the jury determined the question of a gift. The other question was, supposing that there was a gift, and the jury so found, whether the plaintiff Mrs. Patterson had by her subsequent conduct estopped herself from setting it up. It was alleged in support of the estoppel that the defendant, who was the executor of Mrs. Connell's will, had charged himself, or had been charged, upon proceedings on his account, with all of the bonds in suit as a part of the estate of Mrs. Connell; that he had made distribution of them among the

parties entitled, by paying them over to the administrator who was appointed to succeed him in the settlement of the estate, (the will having been set aside by an agreement among the heirs who were contesting it;) and that Mrs. Patterson, having full knowledge of all these facts, had participated in the distribution of the estate including these bonds, taking the portion coming to her under the agreement amongst the heirs in which she joined.

We are asked to pass upon the question of estoppel arising upon these facts, and yet, strange to say, not a single one of the various papers, records and documents involved in the question, is printed in the paper-book. The account of the defendant as executor is not printed, nor the account of the administrator who succeeded him, nor any of the receipts given by the parties for their several shares, including the share of Mrs. Patterson, nor the report of the auditor showing the distribution, nor, most important of all, the agreement in writing executed by the heirs including Mrs. Patterson. It appears on the record, in the appendix, that all of these papers were given in evidence, and also the decree of the Orphans' Court making distribution; yet, neither the decree nor any of the papers is printed, and we are therefore not acquainted with their contents. In these circumstances we can only consider the question as stated by the court in the charge and answer. In the charge the court said:

" But if you determine from the evidence that there was such a gift and delivery of the possession, then it would be your duty to determine from the evidence whether Mrs. Patterson has estopped herself from now claiming the amount of those bonds in this action; and it will be your duty to determine from the evidence whether the claim set up by the defendant as to her acts after the setting aside of the will, beginning, I believe, with the date of this agreement for the setting aside of the will, and the collection and distribution of the assets of the estate, that she participated in that distribution, has been established or not. If you should find from the evidence that Miss Colestock, or Mrs. Patterson, with a full knowledge that the bonds had been included in the inventory and appraisement, joined with the heirs and other legatees of Sidney Connell in making a distribution or in sharing in the

distribution of the assets of the estate, including these bonds, she having a full knowledge that they were included in the distribution, and she having received what was allowed as her proportion in this distribution, she would be estopped in this action, and would not now have a right to recover a verdict at your hands for the amount claimed, or any other amount. If, however, she did so without full knowledge; if she did it in ignorance of the fact that the bonds were included in the inventory and appraisement and in the account, first, of Capt. Dushane, and afterwards in the account of Joseph Colestock, and in the various distributions made by the auditor; if in all these matters she was ignorant of the fact that those bonds were included in those distributions and in the accounts, then she would not be bound by her action, and would still have a right to recover a verdict at your hands, provided you find in the first instance that there was a gift of the bonds, and a delivery of possession. If she did these things, as claimed by the defendant, with a full knowledge of the fact that the bonds were included in the inventory and appraisement, in the account of Dushane and the account of Joseph Colestock, and received her proportion of the distribution of the estate, then she would be estopped from claiming anything at your hands, and your verdict would be for the defendant."

We are bound to assume that there was testimony before the jury upon all the matters of fact thus presented in the charge, and upon that assumption it is perfectly clear to us that there was no error in the charge. If Mrs. Patterson knew that the bonds were all included as a part of the estate of Mrs. Connell, and were fully accounted for by the defendant as her executor, then, when she accepted a distributive share of the estate, including these bonds, she assented and agreed that they were a part of that estate, and hence were the property of Mrs. Connell at the time of her death. If that is so, she accepted the bonds or their proceeds as a part of the assets of the estate which had been in the hands of the defendant as Mrs. Connell's executor, and by him fully accounted for as such executor. She necessarily assented to the decree of the Orphans' Court, which distributed the proceeds of the bonds as a part of the estate of Mrs. Connell, and she necessarily agreed, when she accepted a distributive share of those proceeds, that it was

Opinion of the Court.

the defendant's right and duty to account for these bonds as a part of the estate of Mrs. Connell. Having done all this, she certainly would not be at liberty to assert, by the present action, that the bonds were no part of the estate of Mrs. Connell, but, on the contrary, were her own private property to which the defendant had no right as executor. In this action, she asks the court to adjudge that the bonds were her own property, after she has assented to a decree of the Orphans' Court that they were the property of Mrs. Connell, and had accepted a part of the proceeds distinctively because they were such. She certainly cannot do this. It would be a clear fraud upon the defendant to permit the plaintiff to claim from him, and receive a portion of the bonds, as a part of the estate of Mrs. Connell, which it was his legal duty to account for to her as a part of that estate, and then to turn around and claim from him the whole of the bonds as her own. When she asserted, by her claim as a distributee, that she was entitled to a share of the bonds, because they were part of Mrs. Connell's estate, she thereby precluded herself from subsequently seeking to recover, and asserting that they were her own bonds all the time. The two conflicting claims are at war with each other, and she cannot be heard to assert both in the courts. The court told the jury that, if she was ignorant of the fact that the bonds were included in the inventory and in the distribution, she would not be estopped; but the jury found she was not ignorant, and that is conclusive against her.

Judgment affirmed.