**DIDRIC WEBSTER, Plaintiff**

v.

**GOVERNMENT OF THE VIRGIN ISLANDS, PATROLMAN ELTON TROTMAN and PATROLMAN RUPERT TUCKETT, Defendants**

Civil No. 77-265

District Court of the Virgin Islands

Div. of St. Thomas and St. John

June 9, 1980

CHARLOTTE L. POOLE DAVIS, ESQ., St. Thomas, V.I., *for plaintiff*

IVE A. SWAN, ESQ., Attorney General of the Virgin Islands, CHERYL F. COODLEY, ESQ. (Department of Law), St. Thomas, V.I., *for defendants*

CHRISTIAN, *Chief Judge*

## MEMORANDUM AND ORDER

This is an action brought under the provisions of 42 U.S.C. § 1983 and the fourth and fourteenth amendments to the Constitution. Plaintiff asserts that he was deprived of due process when the defendant peace officers falsely arrested and imprisoned him. Presently before the Court is plaintiff's motion for summary judgment, Fed. R. Civ. P. 56, and defendants Trotman's and Tuckett's motions for dismissal for failure to state a claim, judgment on the pleadings and summary judgment. Fed. R. Civ. P. 12(b)(6), 12(h)(2), 56. Defendant Trotman also requests dismissal of the complaint maintaining that the statute of limitations has run against him. All motions proffered by the parties will be denied.

On July 28, 1977, plaintiff, a taxi driver, was in the vicinity of Sub-base Dock, St. Thomas, hawking for passengers when he became involved in an altercation with peace officers Trotman and Tuckett over whether two women were assigned to his cab. During

the course of the argument plaintiff was arrested. The reasons for the arrest and the manner by which it was accomplished are in dispute. Plaintiff brought this suit against the Government of the Virgin Islands and the policemen alleging that his constitutional rights were violated by the arrest.

*Plaintiff's Motion*

Plaintiff seeks summary judgment on the issues of false arrest and false imprisonment asserting that no material questions of fact are disputed. Webster bases his allegations on the following documents: Trotman's and Tuckett's affidavits in support of their motions for summary judgment, the criminal complaint filed against plaintiff, and the transcript of the criminal trial. These documents demonstrate that an arrest was made and the charges were subsequently dismissed.

██ ██ Under the majority view a peace officer who arrests someone with probable cause is not liable for false arrest simply because the charges are later dropped or the suspect is not convicted. Pierson v. Ray, 386 U.S. 547, 555 (1967). Rather, liability attaches only if the policeman acted without good faith in making the arrest. Id. at 577. The determination of whether a peace officer acted with good faith is a factual issue. Accordingly, we must deny plaintiff's motion for summary judgment.

*Defendants' Motions*

The defendants contend that plaintiff failed to state a cause of action or failed to support a cause of action under § 1983. Specifically, the policemen assert that plaintiff never reached the threshold level of alleging a civil rights violation of an act of undue force and violence, see Gittlemacker v. Prosse, 428 F.2d 1 (3d Cir. 1970), nor did he maintain that the policemen acted unlawfully. Since the defendants have intertwined their reasons for dismissal of the complaint and summary judgment, we will discuss the motions together.

██ In order to recover under 42 U.S.C. § 1983 (1976) two elements must be established: "(1) the conduct complained of must have been done by some person acting under color of law; and (2) such conduct must have subjected the complainant to the deprivation of rights, privileges, or immunities secured to him by the Constitution and the laws of the United States." Basista v. Weir, 340 F.2d 74,

79 (3d Cir. 1965). In the seminal decision of Monroe v. Pape,[1] 365 U.S. 167 (1961), the Supreme Court held that conduct was "under color of law" if the actor was clothed with the indicia of authority and that such conduct "should be read against the background of tort liability that makes a man responsible for the natural consequences of his actions." Id. at 187.

Plaintiff in his complaint alleges that while the peace officers were on active duty, thereby clothed with the indicia of authority, they "did brutally commit an assault and battery upon plaintiff, did use excessive force to make false arrest, did not have probable cause to arrest and imprison him,"[2] thereby causing deprivation of his constitutional rights. Clearly plaintiff has stated a cause of action under § 1983.[3] The implication that the policemen acted unlawfully or with undue force and violence surely can be discerned by reading the complaint.

Furthermore, the issue of whether the peace officers acted unlawfully in a negligent or purposeful manner which deprived plaintiff of his constitutional rights can only be determined by the trier of fact. Therefore, defendants' motions for dismissal of the complaint or summary judgment must be denied.

*Trotman's Motion*

Lastly, defendant Trotman requests dismissal of the complaint against him due to the running of the statute of limitations. Defendant's motion presents a novel question in the Virgin Islands. The Court is asked to determine whether the two-year statute of limitations for personal injury[4] or the three-year statute of limitations for actions against a peace officer[5] applies to a § 1983 action. After due deliberation, we hold that neither the two- or three-year

---

[1] Monell v. New York City Department of Social Services, 436 U.S. 658 (1978), overruled Monroe solely on the issue of municipal immunity.

[2] See Complaint, Count I, § 5.

[3] Unlike Gittlemacker, supra, plaintiff here alleged more than broad conclusionary statements, rather plaintiff specifically alleged tortious conduct that constituted deprivation of his constitutional rights thus stripping the Court of its power to decide this case as a matter of law.

[4] 5 V.I.C. § 31(5) provides: Two years—
(A) An action for libel, slander, assault, battery, seduction, false imprisonment, or for any injury to the person or rights of another not arising on contract and not herein especially enumerated, or to set aside a sale of real property for non-payment of real property taxes pursuant to Title 33, chapter 89, subchapter III of this Code.

limitations period applies but rather the six-year limitations period for an action upon a liability created by statute.[6] Therefore, defendant's motion to dismiss will be denied because the action against him is timely.

■ Since the Federal Civil Rights Acts do not provide a limitations period, a federal court must adopt the limitations period that would be applicable to the courts of the state where it is sitting had the action been brought under state law. Polite v. Diehl, 507 F.2d 119, 122 (3d Cir. 1974). Consequently, the Virgin Islands limitations statute for a local action that best parallels a § 1983 suit will be determined to be the applicable limitations period.

■ In Polite, supra, the United States Court of Appeals for the Third Circuit held that the statute of limitations for the underlying tort would control. Id. This Court will not follow that approach. Unlike the Virgin Islands, the statutory limitations framework in Pennsylvania does not provide for a statute that is comparable to 5 V.I.C. § 31(3)(B)[7] which provides for a six-year limitations period for actions created by statute. We interpret 5 V.I.C. § 31(3)(B) to apply to causes of action where liability would not exist but for the statute. Section 1983 suits did not exist at common law. Indeed, even though the underlying tortious act did exist at common law, a § 1983 suit based upon a deprivation of constitutional rights is a more serious civil violation and thus should be treated differently. See Rossiter v. Benalt,[8] 152 Cal. Rptr. 65, 71 (Cal. App. 4th Dept. 1979), quoting Justice Harlan (footnotes omitted). This is a more pragmatic approach than that applied in Pennsylvania. All § 1983 actions will be governed by the same limitations period regardless of whether the underlying tort sounds in personal injury or property damage.

---

[5] 5 V.I.C. § 31(4) provides: Three years—
    (A) An action against a marshal, peace officer or coroner, upon a liability incurred by the doing of an act in his official capacity or in virtue of his office; or by the omission of an official duty, including the nonpayment of money collected upon an execution; but this provision shall not apply to an action for an escape.

[6] 5 V.I.C. § 31(3) provides: Six years—
    (B) An action upon a liability created by statute, other than a penalty or forfeiture.

[7] See Polite v. Diehl, 507 F.2d at 123 n.10.

[8] California has a similarly worded limitations statute. The Code of California Civil Procedure section 338(1) reads
    "Within three years:
    "1. Action upon a liability created by statute, other than a penalty or forfeiture."
    Rossiter v. Benalt, supra.

Therefore defendant Trotman's motion to dismiss the complaint for untimeliness will be denied.

In conclusion, plaintiff adequately stated a cause of action under § 1983. The cross-motions for summary judgment are denied because questions of fact as to the reasonableness of the arrest and the good faith motivation of the peace officers cannot be determined as a matter of law. Finally, we hold that the six-year statute of limitations applies to § 1983 actions.

## ORDER

The premises considered and the Court being advised,

IT IS ORDERED that plaintiff's motion for summary judgment be, and the same is hereby, DENIED;

IT IS FURTHER ORDERED that defendants Trotman's and Tuckett's motion for summary judgment be, and the same is hereby, DENIED;

IT IS FURTHER ORDERED that defendants Trotman's and Tuckett's motion for judgment on the pleadings be, and the same is hereby, DENIED;

IT IS FURTHER ORDERED that defendants Trotman's and Tuckett's motion to dismiss the complaint for failure to state a cause of action be, and the same is hereby, DENIED;

IT IS FURTHER ORDERED that the motion of defendant Trotman to dismiss the complaint by reason of untimeliness be, and the same is hereby, DENIED.