**James Vincent SANDUTCH, Appellant,**

v.

**Chester B. MUROSKI, Patrick J. Toole, Jr., Paul J. Farrell, Mr. Pearson, James L. Geib, Robert Brunozzi, Matthew Parrell, Luzerne County, and City of Hazleton, Appellees.**

No. 81–2540.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule 12(6)
July 9, 1982.

Decided July 22, 1982.

---

Arlene Fickler, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for appellant.

Francis X. O'Brien, Jr., Pa. State Police, Harrisburg, Pa., for appellees Geib and Brunozzi.

Arthur R. Thomas, Bd. of Probation & Parole, Harrisburg, Pa., for appellee Farrell.

Before SEITZ, Chief Judge, SLOVITER, Circuit Judge and McCUNE,* District Judge.

## OPINION OF THE COURT

PER CURIAM:

James Vincent Sandutch appeals from the district court's dismissal of his civil rights action. This court has jurisdiction under 28 U.S.C. § 1291 (1976).

### I.

In 1976, Sandutch was convicted in the Pennsylvania Court of Common Pleas of arson and murder in connection with the fire-bombing of the home of a county sheriff. At trial, the prosecution introduced the preliminary hearing testimony of an alleged co-conspirator, James Mastrota, that linked Sandutch to the crimes. After the preliminary hearing but before Sandutch's trial, Mastrota recanted this testimony, stating that his previous statements were made under duress and were not true. The trial court excluded the taped recantation as hearsay at Sandutch's trial, but the Pennsylvania Superior Court found this exclusion to have been reversible error. The Pennsylvania Supreme Court granted allocatur in 1979, but has not yet decided the case.

In September 1980, Sandutch obtained an affidavit in which Mastrota explained the circumstances under which the incriminating statement was obtained. Two weeks later, Sandutch commenced this action, alleging that the named public officials violated and conspired to violate his constitutional rights by obtaining a fraudulent statement from Mastrota and by using that statement in a prosecution against Sandutch. The complaint named nine defendants, only eight of whom were served.

The district court dismissed the claims against the served defendants. The action against five defendants was dismissed because Sandutch had "filed no memoranda of law in opposition to the motions and the extension of time granted Sandutch [had] expired." As to the other three defendants, appellees Farrell, Geib, and Brunozzi, the court held that Sandutch's action was barred by the statute of limitations, and, alternatively, that the case was appropriate for abstention because of the appeal pending in the Pennsylvania Supreme Court. Sandutch appeals the district court's dismissal of his action.

### II.

Because we conclude that the statute of limitations bars Sandutch's action against all defendants, we do not reach the other issues Sandutch raises.

---

* Honorable Barron P. McCune, United States District Judge for the Western District of Pennsylvania, sitting by designation.

### A.

The parties agree that the district court correctly determined the controlling limitations periods by looking to the limitations periods for the analogous state law torts of false arrest and false imprisonment.[1] Those periods are, respectively, two years and one year.

The disputed issue is when the cause of action accrued, so as to trigger the running of the limitations period. It is undisputed, however, that Sandutch's claim accrued when he knew or had reason to know of the injury that constitutes the basis of this action. *See Cox v. Stanton*, 529 F.2d 47, 50 (4th Cir. 1975) (accrual of civil rights action is a question of federal law). *See generally* Special Project, *Time Bars in Specialized Federal Common Law: Federal Rights of Action and State Statutes of Limitations*, 65 Cornell L.Rev. 1011, 1092–94 (1980). The district court held that the action accrued in 1976, when Sandutch was arrested and convicted, and when the allegedly fraudulent statement from Mastrota was obtained. Sandutch initiated this action in 1980.

In essence, Sandutch argues that he neither knew nor had reason to know of his injury until he received Mastrota's affidavit in 1980, and that the district court erred in dismissing his complaint without making a factual finding supported by the record to the contrary. We assume, without deciding, that Sandutch did not know he had a cause of action until 1980. We hold, however, that the record establishes, as a matter of law, that Sandutch had reason to know of the alleged conspiracy to secure false testimony in this case as early as 1976, when he knew of Mastrota's recantation. Sandutch attacked Mastrota's incriminating statement, at both his 1976 trial and on appeal, as fraudulent and obtained by duress. *See Commonwealth v. Sandutch*, 269 Pa.Super. 481, 482, 410 A.2d 358, 359 (1979), *pet. for allowance of appeal granted*, Dec. 21, 1979. Although at that time Sandutch may not have known all the facts necessary to establish that the defendants conspired

to deprive him of his rights, his 1976 knowledge of the alleged falsity of Mastrota's statement obtained under duress should have led, by the exercise of due diligence, to the awareness that he had a cause of action. The statute began to run then.

### B.

Sandutch also argues that his continuing incarceration is a continuing tort, because as long as he continues to be incarcerated, he continues to suffer the injury of false imprisonment. *See Triplett v. Azordegan*, 478 F.Supp. 872, 875–76 (N.D.Iowa 1977).

In *Ward v. Caulk*, 650 F.2d 1144, 1147 (9th Cir. 1981), the court held that a "continuing violation is occasioned by continual unlawful acts, not continual ill effects from an original violation." Sandutch has not alleged unlawful acts by appellees within the limitations period; rather, he has alleged continuing ill effects from pre-conviction acts. We do not think that the violation of constitutional rights that Sandutch alleges constitutes a continuing tort.

Nor do we believe that the limitations period has been tolled by Sandutch's incarceration. Under Pennsylvania law, the statute of limitations is not tolled because plaintiff is incarcerated, *see Jones v. Bombeck*, 375 F.2d 737, 739 (3d Cir. 1967) (per curiam); *Hooper v. Guthrie*, 390 F.Supp. 1327, 1331 n.6 (W.D.Pa.1975), and Sandutch does not argue otherwise. Rather, Sandutch distinguishes these authorities on the ground that he is incarcerated pursuant to a conviction that has been reversed. In *Jones*, the civil rights plaintiff continued to be incarcerated for the crime for which he had been convicted; there was no reversal. Here, the conviction of Sandutch was overturned during the period between the "event" about which he complained and the institution of the civil rights action held to be barred by the statute of limitations. A new trial has been ordered, even though the Pennsylvania Supreme Court has not decided the pending appeal from that reversal.

---

1. Sandutch does not disagree with the district court's conclusion that, to the extent that his claim is analogous to one for malicious prosecution, it is not yet ripe.

Sandutch argues that a number of policies support his contention that his cause of action does not begin to run until he is released from prison.  If these policies warrant that a different rule be applied in this case from that used in *Jones*, we believe it is the role of the Pennsylvania legislature and state courts, not this court, to enunciate it.  *See Board of Regents of the State University of New York v. Tamanio*, 446 U.S. 478, 483, 100 S.Ct. 1790, 1794, 64 L.Ed.2d 440 (1980) (federal courts must apply state rules for tolling statute of limitations).  Thus, we believe that Sandutch's cause of action is barred by the statute of limitations.

### III.

The judgment of the district court will be affirmed.