**WILLIAM HOBSON, Plaintiff**

v.

**GOVERNMENT OF THE VIRGIN ISLANDS FIRE DIVISION, OFFICE OF THE GOVERNOR; RUDOLPH A. JENNINGS, FIRE CHIEF, and CARLOS VALLE, DIRECTOR OF FIRE SERVICES, Severally and Individually, Defendants**

Civil No. 161/1982

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

July 23, 1986

STEDMANN HODGE, ESQ., St. Thomas, V.I., *for plaintiff*

LINDA RICHARDSON, ESQ., Assistant Attorney General (Department of Law), St. Thomas, V.I., *for defendants*

FEUERZEIG, *Judge*

## MEMORANDUM OPINION

Defendants have moved to dismiss for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The defendant Government of the Virgin Islands contends the plaintiff has failed to comply with the Virgin Islands Tort Claims Act, 33 V.I.C. §§ 3408–3415 (Supp. 1985). Defendants Rudolph A. Jennings and Carlos Valle claim that because the plaintiff did not initiate his suit within two years of the accrual of his claim, the suit against them is barred by the statute of limitations, 5 V.I.C. § 31(5)(A) (Supp. 1985).

The plaintiff argues that the six-year statute of limitations embodied in 5 V.I.C. § 31(3)(B) (Supp. 1985) should be applied. In addition, he argues that even if the two-year period prescribed by 5 V.I.C. § 31(5)(A) is applied, the complaint was filed timely. With respect to the Government's motion, the plaintiff contends that 4 V.I.C. § 76(a), which delineates the Territorial Court's jurisdiction, and not the Virgin Islands Tort Claims Act is the jurisdictional statute that governs plaintiff's prayer for injunctive relief against the Government. As a result, the plaintiff argues that his failure to satisfy the filing requirements of the Tort Claims Act does not preclude this action against the Government.

The court holds that the plaintiff's failure to comply with the Tort Claims Act bars his action against the Government, and also holds that the plaintiff's claim as to the individual defendants is barred by the two-year statute of limitations prescribed by 5 V.I.C. § 31(5)(A). Accordingly, the defendants' motion to dismiss will be granted.

### I

Plaintiff's second amended complaint alleges that he applied for employment as a firefighter and that despite being well qualified he was "discriminated against and rejected because of his citizenship status and lack of a twelve (sic) grade diploma." Specifically, plaintiff contends that he was interviewed on November 28, 1977, by the defendant, Fire Chief Rudolph Jennings, and that he was "arbitrarily discriminated against" at that time. The plaintiff further maintains that after his name was entered on the list of eligible candidates for firefighting positions new firefighters with less experience were employed on January 15, 1979, by the Government, but not the plaintiff. Again, although he contends he was first on the list of eligible applicants, plaintiff

alleges six other eligible firefighters, but not him, were hired on February 9, 1979.

Plaintiff claims that defendant Valle, the Director of Fire Services on February 21, 1980, sought to further forestall the hiring of plaintiff by requesting a legal opinion from the Office of the Attorney General as to the distinction between the plaintiff having been previously "laid off" or "terminated." As a result, plaintiff alleges that Valle on March 6, 1980, received a legal memorandum from the Attorney General's Office, "which stated that plaintiff's age disqualified him." The plaintiff, alleging "a pattern of discrimination" that has existed since November 28, 1977, filed this suit on February 25, 1982.[1]

The plaintiff seeks compensatory and punitive damages, lost wages and injunctive relief. Jurisdiction is founded on four separate local and federal statutes: (1) the Territorial Court Act, 4 V.I.C. § 76(a) (Supp. 1985), which gives this court jurisdiction over civil matters up to $200,000; (2) one of the federal civil rights acts, 42 U.S.C. § 1983, (3) the Virgin Islands Tort Claims Act, 33 V.I.C. § 3408 et seq. (Supp. 1985), and (4) the local anti-discrimination law, 10 V.I.C. § 1 et seq. (1982).[2]

---

[1] Plaintiff's "Amended Complaint II" was filed April 26, 1984.

[2] Nothing in the local anti-discrimination law, 10 V.I.C. §§ 1–10, gives this court jurisdiction over this action. The March 6, 1980, memorandum allegedly discriminated against the plaintiff on the basis of his age, which is not included under the definition of "discrimination." 10 V.I.C. § 2. Discrimination based on age is addressed in the Virgin Islands Civil Rights Commission law, 10 V.I.C. §§ 61–75. The Commission on Civil Rights is empowered to review allegations of unlawful discriminatory practices, including discrimination on the basis of age. If it finds a violation, "The Commission may . . . [f]ile a civil action as provided in section 73 of this chapter, in which case the person aggrieved may recover damages as provided in this title." 10 V.I.C. § 71(b)(2). Thus, unlike discrimination on the basis of race, creed, color, or national origin, for which the statutory sanctions are in addition to "any other lawful remedy otherwise possessed by an aggrieved person," 10 V.I.C. § 7 (Supp. 1985), an individual's sole avenue under Virgin Islands law to seek civil redress for discrimination on the basis of age is by a suit initiated by the Civil Rights Commission. Similarly, Title 29 U.S.C. §§ 621–634 (1967), commonly referred to as the federal Age Discrimination Act of 1967, was enacted as a federal remedy for discrimination on the basis of age. Here, plaintiff has not pursued a civil remedy through the Virgin Islands Civil Rights Commission and he has not relied on the Age Discrimination Act of 1967 as a basis for jurisdiction. Finally, the plaintiff has not in his opposition to the motion to dismiss relied on the local anti-discrimination law, the Civil Rights Commission law or the federal Age Discrimination in Employment Act.

## II

▮▮ The Government's motion to dismiss is premised on the plaintiff's failure to comply with the Tort Claims Act, which it contends applies to the plaintiff's section 1983 action. "A cause of action brought under 42 U.S.C. § 1983 is essentially a tort action involving the deprivation of civil rights," Ohlsen v. Government of the Virgin Islands, 22 V.I. 411 (D.V.I. 1986), citing Wilson v. Garcia, 471 U.S. 260, 105 S.Ct. 1938 (1985) and Abiff v. Government of the Virgin Islands, 1979 St. X. Supp. 293, 297 (D.V.I. November 2, 1979), and no tort action may be brought against the Government or any of its officers or employees in their official capacity without the consent of the Virgin Islands Legislature. Section 2(b) of the Revised Organic Act of the Virgin Islands, prec. 1 V.I.C. (1967), 48 U.S.C. § 1541 (Supp. 1985). Consequently, the Government and its officers or employees in their official capacity may be sued in tort only upon compliance with the Virgin Islands Tort Claims Act, 33 V.I.C. §§ 3408–3415 (Supp. 1985). See e.g., Benjamin v. Government, 18 V.I. 408 (D.V.I. 1981).

Although the plaintiff's complaint cites the Tort Claims Act as a basis for this court's jurisdiction, he contends that the Tort Claims Act is "inapplicable when seeking injunctive relief." The plaintiff relies on Homer v. Lorillard, 6 V.I. 558 (Mun. Ct. 1967), and Richards v. Election Commission, 13 V.I. 531 (Terr. Ct. 1977). They, however, only stand for the proposition that the Territorial Court has the power to grant injunctions, which is not at issue here. More importantly, it has been held in this jurisdiction that a civil rights action under 42 U.S.C. § 1983, which seeks both injunctive relief and damages, is a tort action and its successful prosecution against the Virgin Islands Government or its officers or employees in their official capacity requires compliance with the Tort Claims Act. Ohlsen v. Government of the Virgin Islands, supra.

▮ Here, the record is void of any evidence of the plaintiff's compliance with the procedural requirements of the Tort Claims Act, and that failure deprives this court of subject matter jurisdiction over the claim. Mercer v. Government, 18 V.I. 171 (Terr. Ct. St. T. and St. J. 1982). Accordingly, the defendants' motion to dismiss as to the Government and Jennings and Valle in their official capacity for lack of subject matter jurisdiction will be granted.

## III

■ The filing requirements of the Tort Claims Act, however, are not applicable to suits against officers and employees of the Government in their individual capacity. Section 2(b) of the Revised Organic Act, prec. 1 V.I.C. (1967); Ocasio v. Bryan, 6 V.I. 43, 374 F.2d 11 (3d Cir. 1967), and Ohlsen v. Government, supra. Consequently, the plaintiff's failure to comply with the Tort Claims Act does not affect his section 1983 action against Valle and Jennings in their individual capacities. The defendants correctly argue, though, that the plaintiff's action as to them is barred by the two-year statute of limitations prescribed by 5 V.I.C. § 31(5)(A).

### A.

■■ "Since the Civil Rights Acts contain no statute of limitations, the limitation to be applied [in a section 1983 action] is that which would be applicable in the courts of the state in which the . . . court is sitting had an action seeking similar relief been brought under state law." Deary v. Three Un-Named Police Officers, 746 F.2d 185, 197 (3d Cir. 1984), quoting from Polite v. Diehl, 507 F.2d 119, 122 (3d Cir. 1974). While the District Court in Webster v. Government of the Virgin Islands, 17 V.I. 498 (D.V.I. 1980), held that section 1983 suits are governed by the six-year period in 5 V.I.C. § 31(3)(B) because such actions did not exist at common law, that result recently was considered and rejected by the Third Circuit. Deary, supra, at 196–97. As the plaintiff's complaint alleges that "Defendants have willfully and maliciously . . . denied and prevented Plaintiff from obtaining employment," an intentional tort, the two-year period of 5 V.I.C. § 31(5) must apply.[3]

### B.

Having determined that 5 V.I.C. § 31(5)(A), the two-year statute of limitations, is applicable, the remaining issue is whether the plaintiff's complaint was filed in a timely manner. The plaintiff

---

[3] The plaintiff additionally argues that since he seeks lost wages and employment, his claim is based on deprivation of his personal property, and, therefore, it should fall within the scope of the six-year limitation of 5 V.I.C. § 31(3)(B). However, it is generally recognized that for the purpose of applying a statute of limitations the court "will consider the nature of the right which is sued upon and not the nature of the remedy by which the wrong is sought to be rectified." Ingvoldstad v. Estate of Young, 19 V.I. 115, 121 (D.V.I. 1982).

now claims that his February 25, 1982, filing was timely because "the last incident in which there was a concerted effort . . . on the part of the Defendant's (sic) Valle and Jennings to refuse to hire Plaintiff . . . culminated with [the] Attorney General's Opinion . . . dated March 6, 1980." This date, the plaintiff contends, should be the focal point because the defendants' acts were continuing in nature and, "until March 6, 1980 Plaintiff always reasonable (sic) believed that once his eligibility status remained that he would be given the position." The plaintiff's present contention that "there was a pattern of discrimination unknown to plaintiff . . . which came to light and was consciously discovered after March 6, 1980" is at odds not only with the facts alleged in his second amended complaint, but with the logical inferences one may draw from them.

██ While state law determines which statute of limitations is to be applied in a civil rights action, federal law determines when the claim arises. Sandutch v. Muroski, 684 F.2d 252, 254 (3d Cir. 1982); Pauk v. Board of Trustees of City University of New York, 654 F.2d 856, 859 (2d Cir. 1981). Under federal law, a civil rights cause of action arises when the plaintiff "knew or had reason to know of the injury that constitutes the basis of [the] action," Sandutch v. Muroski, supra, at 254. See also Bireline v. Seagondollar, 567 F.2d 260, 263 (4th Cir. 1977), cert. denied, 444 U.S. 842 (1979).

In Pauk, supra, the Second Circuit held that a college professor's civil rights action arose when he knew of his injury, an alleged improper denial of tenure, which was found to have occurred when he received notice of termination of his employment, and not the date of his actual discharge. Pauk rejected the argument that the claim did not accrue until the decision to terminate was "final." Similarly, in Sandutch v. Muroski, 684 F.2d at 254, the Third Circuit held that the plaintiff's civil rights claim accrued when he had reason to know of this claim, even though at that time he may not have known all the facts necessary to establish it. See also, Deary v. Three Un-Named Police Officers, supra at 193, 197. Applying that standard to the facts of this case, it is clear that as early as November of 1977, the plaintiff knew of his discrimination claim. Plaintiff's complaint asserts that "On November 28, 1977 . . . [he was] arbitrarily discriminated against and rejected because of

his citizenship status and lack of a twelve (sic) grade diploma." [4] It would thus appear that plaintiff clearly realized at that time that he had a civil rights claim. Nonetheless, the plaintiff did not file his claim for more than four years.

■ The court, therefore, concludes that the plaintiff's claim against defendants Valle and Jennings, individually and in their private capacity, is barred by the two-year statute of limitations prescribed by 5 V.I.C. § 31(5)(A). Accordingly, the motion to dismiss by defendants Valle and Jennings for lack of jurisdiction will be granted.

## ORDER

The court having issued its Memorandum Opinion this date, it is

ORDERED that the motion of the defendants Government of the Virgin Islands, Rudolph A. Jennings and Carlos Valle, to dismiss is granted, and this action, as to all defendants, is dismissed with prejudice.

---

[4] Plaintiff's second amended complaint also alleged that on two other occasions, January 11, 1979, and February 5, 1980, which also are outside the two-year limitation, others were hired instead of him.