Gerald HALL

v.

CITY OF PHILADELPHIA, et al.

Civ. A. No. 93–2330.

United States District Court,
E.D. Pennsylvania.

Aug. 12, 1993.

Gerald Hall, pro se.

Shelley R. Smith, Asst. City Solicitor, Philadelphia, PA, for defendants.

1. 42 U.S.C. § 1983 provides in relevant part: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the

## MEMORANDUM

BARTLE, District Judge.

Plaintiff Gerald Hall instituted this pro se civil rights action pursuant to 42 U.S.C. § 1983 [1] against the City of Philadelphia and officials of Holmesburg Prison. Plaintiff alleges that he was deprived of his civil rights when defendants subjected him to excessive force on December 17, 1990. According to the complaint, plaintiff was hospitalized from that date until January 1, 1991 as a result of the alleged beating.

On June 28, 1993, this Court granted defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that the action was time-barred. Subsequently, plaintiff filed a Motion for Appointment of Counsel along with an "objection" to the defendants' summary judgment motion. Since summary judgment has already been granted, the Court will treat the latter as a motion for reconsideration. For the reasons set forth below, both of plaintiff's motions will be denied.

■ A plaintiff has no constitutional or statutory right to the appointment of counsel in a civil lawsuit. *Ray v. Robinson*, 640 F.2d 474, 477 (3d Cir.1981), citing *Peterson v. Nadler*, 452 F.2d 754, 757 (8th Cir.1971). While this Court does have the authority to appoint counsel under 28 U.S.C. § 1915(d), an appointment should be made only when it is necessary to avoid fundamental unfairness. *Ray v. Robinson, supra* at 477; *Maclin v. Freake*, 650 F.2d 885, 886 (7th Cir.1981).

■ Appointment of counsel in civil cases is justified only in exceptional circumstances. *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). The Court of Appeals of this Circuit has stated that appointment of counsel should be made:

only ... upon a showing of special circumstances indicating the likelihood of substantial prejudice ... resulting ... from [a] probable inability without such assis-

jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

tance to present the facts and legal issues to the court in a complex but arguably meritorious case.

*Smith–Bey v. Petsock,* 741 F.2d 22, 26 (3d Cir.1984).

■ In this case, there are no exceptional circumstances requiring the appointment of counsel. This is a factually simple case alleging that while incarcerated at Holmesburg Prison, plaintiff was denied his civil rights when excessive force was used against him. The pleadings on file establish: (1) that plaintiff has shown the ability to litigate this action *pro se;* and (2) that this case is not a complex case. Plaintiff's ability to handle this matter, together with the case's lack of complexity, negate the need for appointment of counsel. *Maclin v. Freake, supra* at 888; *Smith–Bey v. Petsock, supra* at 26.

■ We now turn to plaintiff's motion for reconsideration as to whether his claim is time-barred. In *Wilson v. Garcia,* 471 U.S. 261, 280, 105 S.Ct. 1938, 1949, 85 L.Ed.2d 254 (1985), the Supreme Court held that § 1983 claims are governed by the relevant state's statute of limitations for personal injury actions. Therefore, Pennsylvania's two-year statute of limitations for personal injury claims is applied here. 42 Pa.Cons.Stat.Ann. § 5524(2).[2] While state law controls the period of limitations, federal law determines when a cause of action accrues and the statute begins to run. *Antonioli v. Lehigh Coal And Navigation Company,* 451 F.2d 1171, 1175 (3d Cir.1971) *cert. denied,* 406 U.S. 906, 92 S.Ct. 1608, 31 L.Ed.2d 816 (1972). Under federal law, a cause of action accrues, and the statute of limitations begins to run, when a plaintiff knows or has reason to know of the injury that is the basis of the action. *Sandutch v. Muroski,* 684 F.2d 252, 254 (3d Cir.1982).

■ Where a federal court is applying a state statute of limitations, state tolling principles are to be followed as long as such principles are not inconsistent with federal policy. *Vernau v. Vic's Market, Inc.,* 896 F.2d 43, 45 (3d Cir.1990) (citing *Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 463–64, 95 S.Ct. 1716, 1722 (1975)). No contention has been made that Pennsylvania tolling principles conflict with federal policy.

42 Pa.Cons.Stat.Ann. § 5533(a) states:

> Except as otherwise provided by statute, insanity or imprisonment does not extend the time limited by this subchapter for the commencement of a matter.

Pennsylvania courts as well as courts applying Pennsylvania law have not allowed the incapacity of a plaintiff to toll the statute of limitations. *Brunea v. Gustin,* 775 F.Supp. 844 (W.D.Pa.1991). Despite any harsh circumstances that may be visited upon the plaintiff, limitations periods must be strictly construed. *Barren v. United States,* 839 F.2d 987, 992 (3d Cir.1988).

■ Plaintiff's claim for relief arose out of an alleged beating that occurred on December 17, 1990 at Holmesburg Prison. Plaintiff, however, did not institute this suit until May 10, 1993, approximately two years and five months after the incident. Plaintiff states that he was unable to comply with the two-year statute of limitations because during and after the alleged beating, he was sedated with medications that left him "mentally disfunctional." Furthermore, plaintiff alleges that, after leaving the hospital, injuries to his fingers prevented him from filing a timely complaint because he could not write. Finally, plaintiff claims that, once he was transferred back to prison, his incarceration in "administrative custody" prevented him from being fully informed of his legal rights because he was unable to use the law library and the phone. Presumably, plaintiff argues that the statute of limitations should have been tolled during the time when he was on medication, when he could not write and when he was incarcerated in administrative custody.

Notwithstanding the new information provided by plaintiff, this Court finds no reason to change its ruling that the statute of limita-

---

**2.** 42 Pa.Cons.Stat.Ann. § 5524 provides in relevant part:

The following actions and proceedings must be commenced within two years: . . . (2) An action to recover damages for injuries to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another.

tions has run. Plaintiff states in his complaint that after the incident he was hospitalized for two weeks as a result of the injuries sustained. In his brief, plaintiff claims that he was admitted to Giuffre Medical Center (now Girard Medical Center) in an unconscious state. Later in his brief, plaintiff refers to being "shot up" with drugs in the prison's hospital wing. It is unclear whether plaintiff was at Giuffre for the entire two weeks or was transferred to the hospital wing of the prison after treatment at the hospital. Because plaintiff supplies few dates, it is also impossible to discern when and for how long he was under the alleged drug-induced disability. However, regardless of the specifics, drug-induced mental incapacity does not, as a general matter, toll the statute of limitations, *Greenberg v. McCabe*, 453 F.Supp. 765, 768 (E.D.Pa.1978), *aff'd*, 594 F.2d 854 (3d Cir.1979).

Plaintiff's contention that he was unable to file a timely complaint because injuries to his hands rendered him unable to write is not persuasive. Plaintiff claims that all his fingers were "slightly" broken. Surely, such an injury, even if true, did not render his hands inoperable for the entire running of the statute.

Finally, plaintiff is also unsuccessful in asserting that the conditions of his imprisonment should toll the statute of limitations. Under Pennsylvania law, it is clear that incarceration will not toll the statute of limitations. 42 Pa.Cons.Stat.Ann. § 5533(a); *Sandutch*, 684 F.2d at 254. Plaintiff contends that lack of access to the law library precluded him from being fully informed of his legal rights. However, where, as here, plaintiff is aware of all the operative facts of his injury, the statute will not be tolled simply because he is unaware of the legal ramifications of his situation. *Getz v. Bruch*, 400 F.Supp. 1033, 1036-37 (E.D.Pa.1975).

It is apparent that, even if the conditions of plaintiff's confinement were an obstacle to the exercise of his rights, the impediment was removed almost a year before the statute ran. Plaintiff states that he left the Philadelphia prison system on February 7, 1992. Plaintiff is currently incarcerated in the state prison in Dallas, Pennsylvania. He does not contend that conditions in the state system prevented him from filing a timely complaint.

Plaintiff knew or should have known of the injury that is the basis of his complaint on or about December 17, 1990. At that time, the two-year statute of limitations began to run. Drug-induced incapacity, injured fingers, imprisonment or lack of knowledge of the legal implications of his claim do not stop the statute from running. Any alleged impediment to the exercise of plaintiff's rights was removed on February 7, 1992, when he left the Philadelphia prison system. Thus, plaintiff had ample opportunity to bring this action within the limitations period and failed to do so.

Accordingly, plaintiff's motions will be denied.