**LEOPOLD BENJAMIN, Plaintiff**

**v.**

**GOVERNMENT OF THE VIRGIN ISLANDS, Defendant**

Civil No. 260-1980

District Court of the Virgin Islands

Div. of St. Thomas and St. John

March 31, 1981

ARNOLD M. SELKE, ESQ., St. Thomas, V.I., *for plaintiff*

EDWARD A. WASCOE, ESQ., Assistant Attorney General (Department of Law), St. Thomas, V.I., *for defendant*

CHRISTIAN, *Chief Judge*

## MEMORANDUM AND ORDER

This case is before the Court on defendant's motion to dismiss for lack of jurisdiction over the subject matter, Fed. R. Civ. P. 12(b)(1), and for failure to state a claim upon which relief can be granted, Fed. R. Civ. P. 12(b)(6). The motion will be granted.

██ ██ Plaintiff contends that his suspension and subsequent dismissal from employment with the Department of Public Safety of the Government of the Virgin Islands on August 17, 1978, was in violation of his rights under the "liberty" and "property" provisions of the due process clause of § 3 of the Revised Organic Act of 1954 and the Fourteenth Amendment of the United States Constitution,[1] and that therefore the plaintiff is entitled to monetary relief pursuant to 42 U.S.C. § 1983. However, as the defendant rightly points out, a cause of action brought under 42 U.S.C. § 1983 "is essentially a tort action involving the deprivation of civil rights." Abiff v. Government of the Virgin Islands, 1979 St. X. Supp. 293, 297 (D.V.I. November 2, 1979). See also Monroe v. Pope, 365 U.S. 167, 187 (1961) (§ 1983 is to be interpreted against a "background of tort liability"), Webster v. Government of the Virgin Islands, 1980 St. T. & St. J. Supp. 266, 268–69 (D.V.I. June 9, 1980) (citing Monroe, supra); Marrapese v. Rhode Island, 28 Cr. L. Rep. 2179 (D.R.I. October 10, 1980) (Rhode Island consented to be sued under § 1983 by means of a 1970 statute which makes the state "liable in all actions of tort"). Therefore, the survival of plaintiff's § 1983 complaint against the defendant Government of the Virgin Islands hangs on the plaintiff's compliance with the requirements of the Virgin Islands Tort Claims Act, 33 V.I.C. §§ 3401–3415. Abiff, supra, at 297.[2] The plaintiff failed

---

[1] The due process clause of the 14th Amendment of the United States Constitution has been expressly made applicable to the Virgin Islands by § 3 of the Revised Organic Act of 1954.

[2] In Abiff, supra, at 296–98, this Court (Opinion of the Honorable Warren H. Young) held that Congress intended the territories to have the same sovereign immunity that the states enjoy in § 1983 actions. Therefore, a § 1983 action can only be brought against the Government of the Virgin Islands when the Government has consented to a waiver of its immunity. The Government of the Virgin Islands has consented to a waiver of its immunity in tort actions only to the extent provided in 33 V.I.C. §§ 3401–3415.

See also Ocasio v. Bryan, 6 V.I. 43, 46 (3rd Cir. 1967). ("Appellants urge that the effectiveness of the Civil Rights Act should be maintained in the Territory of the Virgin Islands by construing it as having impliedly granted permission to one whose civil rights are violated to sue the Government of the Virgin Islands. We need not consider the merits of so attenuated an indication of legislative intention . . .").

to file a verified notice of claim or intention to file a claim within the requisite time frames of 33 V.I.C. § 3409(c) and § 3410. The plaintiff also failed to properly file a claim within the two-year grace period, during which this Court, in its discretion, can allow a plaintiff to proceed with an action upon the showing of a "reasonable excuse" for the tardy filing. 33 V.I.C. § 3409(c). Thus, the plaintiff's cause of action must be dismissed.

## ORDER

The premises considered and the Court being fully advised,

IT IS ORDERED that defendant's motion to dismiss be, and the same is hereby, GRANTED.