**Mark ABRAHAM, Plaintiff,**

v.

**COUNTY OF WASHOE; a political subdivision of the State of Nevada; Robert J. Galli, individually and in his official capacity as Sheriff of Washoe County, Nevada; and John Does I through XX, Defendants.**

No. CIV–R–82–115–ECR.

United States District Court,
D. Nevada.

Sept. 8, 1982.

---

Lawrence J. Semenza, Reno, Nev., for plaintiff.

William G. Cobb, Reno, Nev., for defendants.

## ORDER

EDWARD C. REED, Jr., District Judge.

Presently before the Court is a motion to dismiss brought pursuant to Rule 12(b)(6) of the Fed.R.Civ.P. The plaintiff's complaint is a civil rights action arising under the Fifth and Fourteenth Amendments to the U. S. Constitution and brought pursuant to 42 U.S.C. § 1983 seeking redress for injuries and suffering plaintiff allegedly sustained while incarcerated at the Washoe County Jail. Essentially, the defendants contend that plaintiff's claims are predicated upon allegations of negligence and that since plaintiff has available an adequate post-deprivation remedy under state common law the instant action is barred according to the recent quixotic plurality opinion in *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981).

Stated simply plaintiff claims that he was sexually assaulted while incarcerated at the Washoe County Jail and that defendants had previous knowledge of sexual assaults occurring as between inmates but failed to adopt adequate protection procedures to prevent such attacks. The gist of the instant motion is that even if the alleged conduct was committed under color of state law *and* resulted in a deprivation of a privilege or immunity guaranteed by the Constitution, both of which are required in order to state a claim under § 1983, that such acts were not without a remedy according to due process of law since Nevada law provides adequate post-deprivation relief.

Defendants correctly point out that under *Bell v. Wolfish,* 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979) the Eighth Amendment prohibition against cruel and unusual punishment does not apply to pretrial detainees. Instead, it is the Due Process Clause of the United States Constitution, as contained in the Fifth and Fourteenth Amendments, which prohibits the punishment of persons prior to a judgment of conviction. 441 U.S. at p. 535, 99 S.Ct. at p. 1872. The protections given pretrial de-

tainees with respect to conditions of confinement under the Due Process Clause is greater than those afforded by the Eighth Amendment. *Manney v. Cabell,* 654 F.2d 1280, 1284 (9th Cir. 1980). The operative language in *Bell v. Wolfish, supra,* 441 U.S. at p. 535, 99 S.Ct. at p. 1872 which must govern here is that:

"In evaluating the constitutionality of conditions or restrictions of pretrial detention that implicate only the protection against deprivation of liberty without due process of law, we think that the proper inquiry is whether those conditions amount to punishment of the detainee. For under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law."

 The finding of the Court, then, is that plaintiff has stated a claim for relief in that the unsafe condition alleged to have existed at Washoe County Jail did constitute a deprivation of liberty without due process of law if found to have amounted to "punishment" of the plaintiff. *See Watson v. McGee,* 527 F.Supp. 234 (S.D.Ohio 1981). To require, in effect, exhaustion of state remedies in this context would be contrary to the intention of 42 U.S.C. § 1983 and is not, in the opinion of the Court, the true intent and purpose of *Parratt v. Taylor, supra.*

Exactly when *Parratt v. Taylor, supra,* as interpreted by the Ninth Circuit in *Rutledge v. Arizona Board of Regents,* 660 F.2d 1345, 1354 (9th Cir. 1981) will deem available state tort procedures as adequate to satisfy Due Process requirements is a difficult question this Court need not now consider. Both *Parratt* (negligent loss of property) and *Rutledge* (assault and battery) are cases which essentially involve common law torts committed under color of state law. The essence of the claims made in this case are decidedly different. That is, while the conduct of the defendants complained of is allegedly negligent in nature the result is a purported unconstitutional condition of confinement resulting in damage to plaintiff. These allegations transcend those of mere common law negligence and if proved would actually constitute a constitutional violation.

In *Parratt* the loss of property involved was held not to constitute a constitutional violation because of the availability of a state common law tort remedy. It would be absurd indeed to read *Parratt* and its growing progeny to mean that an action involving an alleged unconstitutional condition existing at a jail-type detention facility arising from negligence of state officials must first be brought in the state court system simply because it could arguably be framed also as a common law negligence claim. Indeed, since *Rutledge v. Arizona Board of Regents, supra,* the Ninth Circuit has seemingly narrowed its interpretation of *Parratt* so as to confine its application to cases involving deprivation of property. *Wakinekona v. Olim,* 664 F.2d 708, 715 (9th Cir. 1981).

IT IS HEREBY ORDERED that the defendants' motion to dismiss filed on May 11, 1982, is DENIED.