**JAMES J. MOORHEAD, Plaintiff**

v.

**GOVERNMENT OF THE VIRGIN ISLANDS and JUAN LUIS**
in his capacity as Governor of the Virgin Islands, Defendants

Civil No. 81-141

District Court of the Virgin Islands

Div. of St. Thomas and St. John

February 8, 1983

LEONARD B. FRANCIS, JR., ESQ., Charlotte Amalie, St. Thomas, V.I., *for plaintiff*

MARCIA SHERMAN, ESQ., Assistant Attorney General (Department of Law), Charlotte Amalie, St. Thomas, V.I., *for defendants*

CHRISTIAN, *Chief Judge* .

## MEMORANDUM AND ORDER

This case is before the Court on the motion of defendants to dismiss the complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The important question presented is whether compliance with the Virgin Islands Tort Claims Act, 33 V.I.C. §§ 3401–3415 is a jurisdictional prerequisite to the commencement of, or recovery under the Civil Rights Act of 1871, 42 U.S.C. § 1983. Because we conclude that no such requirement is imposed upon a § 1983 litigant under the circumstances herein presented, the motion will be denied.

### I.

### A.

Plaintiff brought this action following his dismissal as Director of Utilities and Sanitation in the Virgin Islands Department of Public Works on April 9, 1979 (by defendant Luis). He alleges that his discharge was based solely upon his personal political beliefs and thus amounted to a deprivation of his First Amendment and Organic Act rights of association and belief. There is only one asserted jurisdictional basis for the complaint 42 U.S.C. § 1983 which provides in pertinent part as follows:

> Every person who, under color of [law] . . . of any State or Territory, subjects, or causes to be subjected, any . . . person . . . to the deprivation of any rights, privileges, or immunities secured by

454

the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress.

Defendants were repulsed in a previous challenge to the legal sufficiency of the complaint. We concluded that under the holdings of Branti v. Finkel, 445 U.S. 507 (1980) and Elrod v. Burns, 427 U.S. 347 (1976), plaintiff had set forth facts and an underlying legal theory upon which relief could be afforded. 542 F.Supp. 213 (D.V.I. 1982).

### B.

The contention urged by defendants that the filing of a § 1983 action must be conditioned upon compliance with a corresponding state procedure has never been accepted by the Courts. It is true that in Abiff v. Government, 1979 St. X. Supp. 293, 297 (D.V.I. Div. of St. Thomas & St. John, Nov. 2, 1979), a case on which defendants principally rely, Judge Young suggested that compliance with the Virgin Islands Tort Claims Act did have a bearing on those § 1983 actions which sought monetary recovery from the Government of the Virgin Islands.[1] The rationale was subsequently relied upon by this Court in Benjamin v. Government, 18 V.I. 408 (D.C.V.I. 1981). However, to the extent that these previous decisions required exhaustion of Tort Claims Act remedies as an absolute condition for invoking federal jurisdiction under § 1983, we now decline to follow them or to apply them to the facts presented in the instant case.

### II.

### A.

The United States Supreme Court has repeatedly held that exhaustion of state administrative *or judicial* remedies is not necessary before a § 1983 case can be commenced. "When federal claims are premised on [§ 1983] . . . we have not required exhaustion of

---

[1] The major focus of Judge Young's opinion was the applicability of the Tort Claims Act to the question of damages in a federal civil rights action. Relying on § 2(b) of the Revised Organic Act, 48 U.S.C. § 1541(b), as well as dicta in District of Columbia v. Carter, 409 U.S. 418 (1973), Judge Young concluded that the Territory of the Virgin Islands is to be treated as a state, rather than as a municipality, for purposes of sovereign immunity. Therefore, any monetary recovery against the Government per se was necessarily limited to that amount to which the sovereign had consented; i.e., the $25,000.00 per plaintiff limit set forth in § 3411(c) of the Tort Claims Act.

Those individual Government officers named in a § 1983 action do not enjoy the immunity provided for in § 2(b) of the Organic Act. Ocasio v. Bryan, 6 V.I. 43, 374 F.2d 11 (3rd Cir. 1967). See also, Davis v. Knud-Hansen Memorial Hospital, 635 F.2d 179 (3rd Cir. 1980).

state judicial or administrative remedies, recognizing the paramount role Congress has assigned to the federal courts to protect constitutional rights." Steffel v. Thompson, 415 U.S. 452, 473 (1974). See also the most recent affirmation of that principle in Patsy v. Board of Regents, 102 S.Ct. 2557 (1982).

■ Even where a specific state tort statute encompasses the very wrongdoing of which a § 1983 plaintiff complains,[2] the Supreme Court, looking to the applicable legislative history, has not insisted that such state remedies be first sought and refused prior to the commencement of the federal action. The nonexhaustion rule has been explained as follows:

> It is abundantly clear that one reason the legislation was passed was to afford a federal right in federal courts because, by reason of prejudice, intolerance or otherwise, state laws might not be enforced and the claims of citizens to the enjoyment of rights, privileges and immunities guaranteed by the Fourteenth Amendment might be denied by state agencies.

Monroe v. Pape, 365 U.S. 167, 180 (1961). Given that legislative purpose, the availability of state law remedies is simply immaterial to the question of federal subject matter jurisdiction in an action based upon 42 U.S.C. § 1983.

### B.

The recent plurality opinion of the U.S. Supreme Court in Parratt v. Taylor, 451 U.S. 527 (1981) has revived to some extent the relevance of available state law remedies with respect, not to jurisdiction but to the actual legal sufficiency of certain § 1983 claims. However, the restrictions which Parratt places on access to federal courts have no application to the case at bar.

In Parratt a Nebraska prison inmate brought suit against several state officials under § 1983 alleging that they had negligently misplaced certain hobby materials which he had ordered through the mail. He sought to recover the $23.50 at which the materials were valued. In what has been aptly described as a "quixotic" opinion, Abraham v. County of Washoe, 547 F.Supp. 548, 549 (D. Nev. 1982),

---

[2] The alleged deprivations of civil rights in Abiff and Benjamin were coextensive with certain common law torts (assault and battery; false imprisonment) covered by the Tort Claims Act. By contrast, the alleged misconduct in the present case in no way resembles a common law tort. Thus, even assuming a § 1983 litigant is required to first pursue his local remedies, the plaintiff here seeks relief which clearly falls outside the scope of the Virgin Islands Tort Claims Act.

the plurality held that because Nebraska provided an adequate statutory remedy for a tortious loss inflicted by the state or its agents, plaintiff could not have been "deprived" by the state of his Constitutional rights within the meaning of § 1983. Where the plaintiff is able to pursue an "adequate" state remedy following the state's admitted denial of his due process rights, Parratt holds that the "deprivation" is thereby cured for purposes of § 1983 and that therefore no federal civil rights claim will lie.

■ The holding in Parratt is inapposite to the present case in several important respects. First, the Parratt plurality suggested that the existence of state law remedies is material only where the complainant alleges a deprivation of *procedural* as opposed to *substantive* Constitutional rights. The complaint in Parratt referred to "no other right, privilege, or immunity secured by the Constitution or federal laws other than the Due Process Clause of the Fourteenth Amendment *simpliciter*." Id. at 536. By contrast, the plaintiff here alleges a deprivation not simply of procedural due process but of the substantive free speech guarantees of the First Amendment as well.[3] Thus while Parratt may "relegate[] those who claim procedural unfairness to state judicial remedies when those remedies afford procedural due process," it has no application to a claim of "unlawful abrogation" of a *substantive* right contained in the Bill of Rights. Duncan v. Poythress, 657 F.2d 696, 704–705 (5th Cir. 1981), cert. granted, 102 S.Ct. 1426 (1982) (claim of denial of right to vote). See also, concurrence of Justice Blackman in Parratt, supra at 545–546.

■ Secondly, Parratt involved what was conceded to be a negligent denial of property rights. The present case, by contrast, involves a claim of a *deliberate* abridgment of a critical *liberty* interest, namely "the individual's ability to act according to his beliefs and to associate with others of this political persuasion . . . ." Elrod v. Burns, supra at 356. Putting to one side the unresolved question of whether the holding of Parratt is necessarily limited to property as opposed to liberty deprivations, see, e.g. Holmes v. Wampler, 546 F.Supp. 500 (E.D. Va. 1982), it is plain that the existence of state remedies is absolutely immaterial where the plaintiff alleges a *purposeful* denial of federally provided "rights, privileges, or immunities" "under color of" state or territorial law. As one Court has recently noted:

---

[3] Furthermore, unlike the plaintiff in Parratt, Moorhead claims the deprivation of a specific provision of a federal "law", namely, the free speech guarantees contained in the Revised Organic Act of the Virgin Islands, 48 U.S.C. § 1561.

457

To hold that an individual cannot bring suit under Section 1983 when he has been intentionally deprived of a clearly protected liberty interest . . . by one acting "under color of state law," would be to ignore the ·very purpose of Section 1983 itself, which, it should be remembered, was originally enacted as part of the Ku Klux Klan Act of 1871 . . . . Moreover, to reject a constitutional claim simply because a state may provide a parallel remedy would render Section 1983 meaningless in innumerable cases, for many of our most cherished liberties are analogous to rights for which the states provide remedies of some sort.

Howse v. DeBerry Correctional Institute, 537 F.Supp. 1177, 1180–81 (M.D. Tenn. 1982). Accord, Abraham v. County of Washoe, supra. We conclude that where, as a result of the actions of territorial officials, there has been a "deprivation" of substantive constitutional rights[4] within the meaning of § 1983, compliance with the Virgin Islands Tort Claims Act is not a jurisdictional prerequisite to bringing a federal action, even though the conduct of the officials might *also* give rise to a claim sounding in common law tort.

 Finally it should be noted that at least with respect to the District Court of the Virgin Islands, the underlying concern in Parratt for "turning federal courts into forums for dealing with common law torts" Wakinekona v. Olim, 664 F.2d 708, 715 (9th Cir. 1981), cert. granted 102 S.Ct. 2294 (1982), has no relevance. This Court is invested with both federal question and general original jurisdiction by virtue of 48 U.S.C. § 1612. Carty v. Beech Aircraft Corporation, 679 F.2d 1051, 1053–1057 (3rd Cir. 1982). In the absence of the restrictions imposed by Article III of the Constitution, a litigant in this Court can assert either a common law claim or a federal statutory claim and properly have a jurisdictional basis for

---

[4] Where the gravamen of a § 1983 complaint is nothing more than common law negligence, defendants may be able to successfully move for dismissal. Indeed in Howse v. DeBerry Institute, supra, the complaint was dismissed, not on the Parratt rationale urged by the defendants, but on the basis that the alleged failure of defendants to protect the plaintiff from a physical attack by a fellow prison inmate did not amount to the type of serious abrogation of federal rights which is covered by § 1983. While noting that the line separating "simple torts from deprivations of constitutionally protected freedoms" is "ill-defined," the Court set forth certain criteria by which the line can be drawn, such as, the extent of injury suffered, the existence of malice on the part of the defendants, the excessiveness of authority asserted and whether the acts complained of "'amounted to an abuse of official power that shocks the conscience.'" Id. at 1181 quoting Shillingford v. Holmes, 634 F.2d 263, 265 (5th Cir. 1981). See also, Baker v. McCollan, 443 U.S. 137 (1979); Paul v. Davis, 424 U.S. 693 (1976).

each. To say then that the exercise of subject matter jurisdiction in a § 1983 action would impermissibly intrude upon the functions of the state courts is a non-sequitur; the District Court of the Virgin Islands, in most respects, is a state court of general jurisdiction.

For all the foregoing reasons, the motion of defendants for dismissal of the complaint will be denied.

### ORDER

The premises considered and the Court being fully advised,

IT IS ORDERED that the motion of defendants to dismiss the complaint be, and the same is hereby, DENIED.