**Randall Jerry GRAVITT, Plaintiff,**

v.

**B.J. GRAVES, Defendant.**

**Civ. A. No. C83–964A.**

United States District Court,
N.D. Georgia,
Atlanta Division.

May 30, 1985.

Ralph Goldberg, Atlanta, Ga., Bensonetta Tipton Lane, College Park, Ga., for plaintiff.

Claude L. Goza, Kirby A. Glaze, Steven M. Fincher, Glaze & McNally, Jonesboro, Ga., for defendant.

## ORDER OF COURT

MOYE, District Judge.

The above-styled action is before the Court on the defendant's motion for a judgment notwithstanding the verdict pursuant to Fed.R.Civ.P. 50(b). The defendant's sole argument supporting his motion is that ordinary negligence is insufficient to support the plaintiff's claims under 42 U.S.C. § 1983. After a brief review of the facts, this Court will address the defendant's argument.

## FACTUAL BACKGROUND

On January 15, 1983, the plaintiff was a pre-trial detainee at the Clayton County Jail. On that day, the plaintiff was involved in a fight with another inmate and suffered a broken nose. The plaintiff alleged at trial[1] that defendant B.J. Graves, the captain of the Clayton County Jail, had knowledge the plaintiff was in danger and failed to protect him. In its answers to special interrogatories, the jury found that the defendant was negligent in his duty to protect the plaintiff from other inmates and awarded the plaintiff $10,000.00 in

1. The plaintiff initially brought numerous constitutional claims against Clayton County, Sheriff Deyton, and Francis Ward, a nurse at the Clayton County Jail. All of these claims were dismissed either on summary judgment or at the directed verdict stage of the trial.

damages. The defendant has now filed a motion for a judgment notwithstanding the verdict on the sole ground that negligent conduct is not sufficient to impose liability under 42 U.S.C. § 1983. After a review of the pleadings and the relevant case law, this Court concludes that it must deny the defendant's motion.

## DISCUSSION

■ The plaintiff's claim against defendant Graves arises under 42 U.S.C. § 1983 which states the following in pertinent part:

> Every person who, under color of any statute, ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law....

In *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1980), the plaintiff brought an action under § 1983 claiming that prison officials negligently deprived him of a hobby kit valued at $23.50. In *Parratt*, the Supreme Court articulated the proper analysis in cases arising under 42 U.S.C. § 1983. The Court stated the following:

> [I]n any § 1983 action, the initial inquiry must focus on whether the two essential elements to a § 1983 action are present: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, priv-

ileges, or immunities secured by the Constitution or laws of the United States. *Id.* at 535, 101 S.Ct. at 1913.

The Court went on to discuss the viability of the plaintiff's claims and stated that, "[u]nquestionably, [the plaintiff's] claim satisfies three prerequisites of a valid due process claim: the petitioners acted under color of state law; the hobby kit falls within the definition of property; *and the alleged loss, even though negligently caused, amounted to a deprivation." Id.* at 536–537, 101 S.Ct. at 1913–1914 (emphasis added). This language clearly supports the proposition that a negligent deprivation of a constitutional right is actionable under 42 U.S.C. § 1983 if the other requirements of the statute are met.[2] Numerous courts have reached the identical conclusion. *See e.g., Howard v. Fortenberry,* 723 F.2d 1206, 1209, fn. 6 (5th Cir.1984); *Hirst v. Gertzen,* 676 F.2d 1252, 1263 (9th Cir.1982); *Holmes v. Ward,* 566 F.Supp. 863 (E.D.N.Y.1983); *Abraham v. County of Washoe,* 547 F.Supp. 548 (D.Nev.1982).

■ The above-mentioned authorities stand for the proposition that unless the constitutional provision at issue adds an additional requirement, a negligent deprivation of rights is actionable under § 1983. For example, it is well settled that a plaintiff must prove "deliberate indifference" on the part of a defendant in order to state a claim for cruel and unusual punishment under the Eighth Amendment. *See Aldridge v. Montgomery,* 753 F.2d 970 (11th Cir.1985). The issue in the present case is whether the Due Process Clause of the Fourteenth Amendment, in the context of

---

**2.** The *Parratt* Court went on to hold that the plaintiff failed to state a claim under § 1983 because the state had adequate post deprivation remedies which the plaintiff could have utilized to redress the alleged deprivation. This Court *firmly* believes that this part of the *Parratt* decision would operate to bar the plaintiff's claims in the instant suit were it not for the fact that the plaintiff's state law negligence claims would now be barred by the statute of limitations, *see, Curlee v. Mock Enterprises, Inc., et al,* 173 Ga. App. 594, 327 S.E.2d 736 (1985), and therefore the plaintiff, in this case, does not have an adequate post deprivation remedy.

The Court reaches the conclusion that it would be unfair to punish the plaintiff for not filing a concurrent state court action *only* because of the uncertainty that has accompanied the applicability of *Parratt* to deprivations of liberty. *This Court feels that the consistent application of the Parrott decision is absolutely necessary to prevent § 1983, from becoming a general Federal tort statute.* The Court also notes that the defendant has not raised the issue of post-deprivation remedies in his motion for a JNOV.

an allegation by a pre-trial detainee that he was not adequately protected by jail personnel, imposes a similar requirement on a plaintiff attempting to state a claim under 42 U.S.C. § 1983.

The Fourteenth Amendment to the United States Constitution states the following in pertinent part:

> No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law....

Unlike the Eighth Amendment which only prohibits "cruel and unusual punishment", there is no language in the Fourteenth Amendment that would require a plaintiff to prove that he was injured because of behavior more egregious than ordinary negligence. Furthermore, the plaintiff in *Parratt* was also alleging a violation of the Due Process Clause and, as noted earlier, the Supreme Court found that he alleged sufficient facts to state a claim that he was subjected to a constitutional deprivation. Although the plaintiff in *Parratt* alleged that he was negligently deprived of property whereas the plaintiff in the instant case alleges a negligent deprivation of liberty, this Court sees no reason to distinguish constitutional deprivations of property and liberty when arriving at the appropriate standard of care. Finally, several courts have faced the identical issue facing this Court and have concluded that a jailer's negligent deprivation of a pre-trial detainee's liberty is cognizable under 42 U.S.C. § 1983. *See Holmes v. Ward,* 566 F.Supp. 863 (E.D.N.Y.1983); *Abraham v. County of Washoe,* 547 F.Supp. 548 (D.Nev.1982).[3] For all of the above-mentioned reasons, this Court concludes that the plaintiff's claim of negligence in this action is sufficient to state a cause of action under 42 U.S.C. § 1983.

In sum, this Court finds that the jury's finding of negligence supports the plaintiff's 42 U.S.C. § 1983 claim and therefore

the defendant's motion for a judgment notwithstanding the verdict must be DENIED.

---

**3.** This Court disagrees with the Holmes' and Abrahams' courts' decisions that *Parratt's* adequate state procedures holding does not apply to negligent deprivations of liberty.