**RONALD M. OHLSEN, Plaintiff**

v.

**GOVERNMENT OF THE VIRGIN ISLANDS; JUAN LUIS, J'ADA FINCH-SHEEN, VICTOR SCHNEIDER and MICHAEL DUNSTON (Individually and in their Official Capacities), Defendants**

Civil No. 85/187

District Court of the Virgin Islands

Div. of St. Thomas and St. John

September 29, 1986

411

RONALD M. OHLSEN, ESQ., St. Thomas, V.I., plaintiff, *pro se*

ALAN D. SMITH, ESQ., Assistant Attorney General (Labor Office of Collective Bargaining), St. Thomas, V.I., *for defendants*

CHRISTIAN, *Chief Judge*

## MEMORANDUM AND ORDER

This matter is before the Court on motion of plaintiff Ronald M. Ohlsen to reconsider our Order dated March 27, 1986, which permitted plaintiff to amend his complaint as to claims pled against Juan Luis, J'Ada Finch-Sheen and Victor Schneider in their individual capacities under 42 U.S.C. § 1983 and as to claims against all defendants under 42 U.S.C. § 1981. The aforementioned order denied plaintiff's motion to amend his complaint as to all other causes of action. Additionally, plaintiff moves the Court to strike defendants' affirmative defense of insufficiency of process. Further, plaintiff requests leave to file a second amended complaint.[1]

Plaintiff contends that reconsideration of our Order dated March 27, 1986, is warranted because that order denied plaintiff leave to amend his complaint to state a cause of action against the Government of the Virgin Islands and all other defendants, in their official capacities pursuant to 42 U.S.C. § 1983, because plaintiff failed to comply with the notice provisions of the Virgin Islands

---

[1] Plaintiff filed a motion to amend his complaint for the second time on May 14, 1986. Said amended complaint alleged that all defendants had violated plaintiff's rights under Title VII (42 U.S.C. § 2000(e)). Subsequently, plaintiff filed a motion to modify his amended complaint to delete all claims stated under Title VII.

Additionally, plaintiff's second amended complaint did not include claims under § 301 of the Management Labor Relations Act (29 U.S.C. § 171). Accordingly, we assume plaintiff has chosen to abandon these claims. We shall, therefore, address plaintiff's motions without considering claims predicated upon Title VII or § 301 of the Management Labor Relations Act.

Tort Claims Act (33 V.I.C. § 3401 et seq.). This portion of our Order will be reconsidered.

 42 U.S.C. § 1983 prohibits the deprivation of any right, privilege, or immunity secured by the Constitution by any person who is acting under color of territorial law. A construction of the statute which allows for an immunity defense based upon territorial law transmutes a basic guarantee into an illusory promise. Hampton v. City of Chicago, 484 F.2d 602 (7th Cir. 1973). The question of immunity from an action based upon 42 U.S.C. § 1983 is, therefore, one of the federal law. See, e.g., Brown v. United States, 742 F.2d 1498 (D.C. Cir. 1984); Jones v. Marshall, 528 F.2d 132 (2d Cir. 1975); Hampton, 484 F.2d at 607.

██ After examination of the legislative history of 42 U.S.C. § 1983, the Supreme Court of the United States held in Monell v. New York City Department of Social Services, 436 U.S. 658 (1978) that Congress intended that state and local governments and their officials should be included as "persons" within the meaning of the statute. 436 U.S. at 664-89. The inclusion of municipalities within the class of "persons" subject to liability for violations of the Federal Constitution and laws abolished all vestiges of state sovereign immunity to suit brought under 42 U.S.C. § 1983. Owens v. City of Independence, 445 U.S. 622, 647-48 (1980). An action predicated upon 42 U.S.C. § 1983 cannot, therefore, be construed as one which would require the consent of the state (or territorial) government.

██ For the foregoing reasons, a plaintiff need not comply with the administrative requirements of the Virgin Islands Tort Claims Act as a precondition to the filing of a § 1983 claim. Our opinion in Benjamin v. Government of the Virgin Islands, 18 V.I. 408 (D.C.V.I. 1981), which held to the contrary is overruled.

Plaintiff has also requested reconsideration of our March 27, 1986, Order because it denied leave to amend the complaint to state claims against all defendants under the Virgin Islands Public Employees Labor Relations Act (24 V.I.C. § 361 et seq.) and for breach of contract, invasion of privacy, libel, and intentional infliction of emotional distress.

 The Public Employees Labor Relations Act requires that any employee seeking redress of a grievance under said act must file such complaint with the Public Employees Relations Board. 24 V.I.C. § 379. A final order from the agency must be appealed to

the Territorial Court before a party may seek judicial review from this Court. 24 V.I.C. § 380.

■ The Collective Bargaining Agreement which governed the terms of plaintiff's employment provided for binding arbitration as the exclusive method of settling all disputes. Accordingly, appeal of the arbiter's decision is plaintiff's sole remedy for any claim of breach of contract.

■ Plaintiff sought leave of Court to file notice of intent in compliance with the Virgin Islands Tort Claims Act on April 8, 1986. Plaintiff's motion for leave to file notice out of time did not articulate "a reasonable excuse for his delay." 33 V.I.C. § 3409(c). Leave will, therefore, not be granted.

■ In the second amended complaint, filed May 14, 1986, plaintiff alleged notice, as required by the act, had been filed. Plaintiff, therefore, may not amend his complaint to state claims sounding in tort against the Government of the Virgin Islands until he has demonstrated that notice was, in fact, timely filed. Moreover, no tort action may be brought against any officer or employee of the Virgin Islands in his official capacity. Revised Organic Act of 1954 § 2. Plaintiff may amend his complaint, however, to state claims against defendants predicated upon actions taken in their individual capacities.

■ Finally, plaintiff may amend his complaint to add Michael Dunston as a defendant and to add claims under 42 U.S.C. §§ 1985 and 1986. It appearing that all defendants have not been properly served, defendants' affirmative defense of insufficiency of process will not be stricken.

## ORDER

The premises considered, therefore, and the Court being fully advised,

IT IS ORDERED that the motion of the plaintiff Ronald M. Ohlsen for reconsideration of our Order dated March 27, 1986, be, and the same is, hereby GRANTED as to claims against defendant Government of the Virgin Islands and all other defendants in their official capacities predicated upon 42 U.S.C. § 1983 and as to all tort claims stated against defendants in their individual capacities and DENIED as to all other claims.

FURTHER ORDERED that the motion of plaintiff to amend his complaint to add Michael Dunston as defendant be, and the same is, hereby GRANTED.

FURTHER ORDERED that the motion of the plaintiff to add claims under 42 U.S.C. §§ 1985 and 1986 be, and the same is, hereby GRANTED.

FURTHER ORDERED that the motion of plaintiff to strike defendants' affirmative defense of insufficiency of process be, and the same is, hereby DENIED.

FURTHER ORDERED that the motion of the plaintiff for leave to file a notice of intent, in compliance with the Virgin Islands Tort Claims Act, out of time be, and the same is, hereby DENIED.