**Ishmael A. VALLADE, Jr., Plaintiff,**

v.

**Angel PARILLA, Diane Melendez, Roberto Santos, Ulric Georges and Government of the V.I., Defendants.**

**Civ. No. 90–59.**

District Court, Virgin Islands, D. Saint Croix.

Sept. 24, 1992.

Ishmael A. Vallade, Jr., pro se.

Dudley Hughes, Office of Atty. Gen., Dept. of Justice, Christiansted, St. Croix, V.I., for defendants.

## MEMORANDUM

AUBREY E. ROBINSON, Jr., District Judge, Sitting by Designation.

This matter is before the court on plaintiff's Motion for Reconsideration of the Magistrate's October 2, 1991 order denying plaintiff's Motion to Amend his complaint. For the reasons stated below, plaintiff's Motion for Reconsideration is granted, and plaintiff's Motion to Amend the Complaint is granted. Plaintiff may amend his complaint to state a Fourth Amendment claim against the above-named defendants.[1]

### I. BACKGROUND

On March 21, 1988 plaintiff was arrested by the Virgin Islands police in Christiansted, St. Croix at approximately 4:20 a.m. According to plaintiff, the arresting officers ordered him to lay face down in the street with his hands behind his back as he was handcuffed. The complaint alleged that the officers threatened plaintiff, telling him to attempt an escape so they would have justification to shoot him. Also, while plaintiff was face down on the street, the officers repeatedly kicked and struck him with their nightsticks. The officers brought plaintiff to his feet by pulling up on the handcuffs. Plaintiff allegedly was shoved, face first, into the side of the police van. The complaint also alleged that, as plaintiff was transported to the police station, he was beaten continually in the face and head. These beatings continued after

---

1. In *Graham v. Connor,* 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989), the Supreme Court held that claims, such as plaintiff's, which allege that law enforcement officials used excessive force during an arrest are properly analyzed under the Fourth, not the Eighth or Fourteenth, Amendment.

he was placed in the holding cell at the police station, still handcuffed. Plaintiff alleges that, at various times, several police officers witnessed the attacks and did nothing to stop them. Also, after the beatings ceased, plaintiff allegedly was denied medical treatment.

On March 21, 1990 plaintiff filed, *pro se,* a complaint alleging violations of 18 U.S.C. 1961, 42 U.S.C. 1983 and the Eighth Amendment by the Virgin Islands police officers involved in the incident. On August 6, 1990, almost five months after plaintiff filed the complaint, the court ordered defendants to file a response by September 6, 1990. On August 20, 1990 defendants filed a Motion to Dismiss. The court dismissed the 18 U.S.C. 1961 and 42 U.S.C. 1983 claims, but maintained the Eighth Amendment claim. Plaintiff then filed a Motion to Amend the complaint and a Motion for Appointment of Counsel which were both denied. On May 31, 1991 defendants filed an answer and plaintiff subsequently filed another motion to amend his complaint.

Plaintiff's second motion to amend was denied in the Magistrate's October 2, 1991 order. The Magistrate interpreted plaintiff's Eighth Amendment claim and the proposed amendment to the complaint as a tort action against the Virgin Islands government pursuant to the Virgin Islands Tort Claims Act (VITCA), 33 V.I.C. 3401 et seq. Section 3409(c) requires plaintiffs to file personal injury claims against the Virgin Islands government "within ninety days after the accrual of such claim unless the claimant shall within such time file a written notice of intention to file a claim therefor, in which event the claim shall be filed within two years after the accrual of such claim." 33 V.I.C. 3409(c).[2] Plaintiff's

claim accrued on March 21, 1988 and suit was filed on March 21, 1990. Because the plaintiff did not file a notice of intent to sue within 90 days of accrual of his claim the Magistrate denied plaintiff's motion to amend his complaint.

Plaintiff subsequently filed a Motion for Reconsideration which is currently before the court. The motion argues that VITCA does not apply to this claim and therefore does not bar the proposed amendment to the complaint.

The court is faced with three issues. First, was the Magistrate correct in applying VITCA to plaintiff's claim. Second, if plaintiff's claim is not governed by VITCA, is the Supreme Court's decision in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), applicable. Third, if *Bivens* and VITCA are inapplicable, what cause of action, if any, does plaintiff's complaint state.

## II.  THE NATURE OF PLAINTIFF'S CLAIMS

### A.  *VITCA Claim*

■ In passing VITCA, the government of the Virgin Islands waived its sovereign immunity to tort claims assuming that plaintiffs satisfy certain procedural prerequisites. *McBean v. Government of the Virgin Islands,* 19 V.I. 383, 385 (Terr.Ct.1983). Within ninety days after the accrual of a personal injury claim against the government, a plaintiff must either file suit or a written notice of intention to file.[3] Contrary to the Magistrate's decision, however, the plaintiff's failure to comply with VITCA does not preclude him from amending his complaint.

---

**2.** Section 3409(c) continues:

   [a] claimant who fails to file a claim ... within the time limited therein ... may, nevertheless, in the discretion of the court, be permitted to file such claim at any time within two years after the accrual thereof.... [T]he application for ... permission [to file late] shall be made upon motion based upon affidavits showing a reasonable excuse for the failure to file the notice of intention and that the Virgin Islands ... had, prior to the expiration of the time ... actual knowledge of the

facts constituting the claim.... No such application shall be granted if the court shall find that the Government of the Virgin Islands has been substantially prejudiced by the failure of the claimant to file such notice.

**3.** All VITCA suits are filed in Territorial Court pursuant to 4 V.I.Code Ann. § 76 (Supp.1987) which vested jurisdiction over all civil actions regardless of the amount in controversy in the Territorial Court as of October 1, 1991.

■ In *Moorhead v. Government of the Virgin Islands*, 19 V.I. 453 (D.V.I.1983), the territorial court decided that compliance with the procedural requirements of VITCA is not a jurisdictional prerequisite to commencement of a federal civil rights action. 19 V.I. at 458. The court's reasoning is relevant to the present case. First, the court drew a distinction between tort claims based in territorial law and those grounded in the United States Constitution. The court stated that even "where a specific state tort statute encompasses the very wrongdoing of which a § 1983 plaintiff complains, the Supreme Court … has not insisted that such state remedies be first sought and refused prior to the commencement of the federal action." 19 V.I. at 456.[4] The court noted the "paramount role Congress has assigned to the federal courts to protect constitutional rights." 19 V.I. at 456. Therefore, even where a tort statute provides a remedy for the alleged wrongdoing, if plaintiff's claim is based on the federal constitution, he or she must be afforded "a federal right in federal courts because, by reason of prejudice, intolerance or otherwise, state laws might not be enforced and the claims of citizens to the enjoyment of rights, privileges and immunities guaranteed by the Fourteenth Amendment might be denied by state agencies." *Id.* citing *Monroe v. Pape*, 365 U.S. 167, 180, 81 S.Ct. 473, 480, 5 L.Ed.2d 492 (1961).[5]

In 1990, however, the Supreme Court held that Congress did not intend to include Territories, or officers of Territories acting in their official capacity as "persons" liable under § 1983. *Ngiraingas v. Sanchez*, 495 U.S. 182, 110 S.Ct. 1737, 109 L.Ed.2d 163 (1990). Therefore, plaintiff's § 1983 claim in the case at bar was dismissed. This decision, however, does not cast doubt on the rationale in *Moorhead*, *Ngiraingas* did not eliminate the constitutional protections afforded citizens of the Virgin Islands. It simply eliminated one vehicle for redressing violations of those rights by territorial officials. Therefore, *Moorhead*'s statement that compliance with the procedural requirements of VITCA "is not a jurisdictional prerequisite to bringing a federal action," 19 V.I. at 458, and the Supreme Court's statements in *Monroe v. Pape, supra*, that claims based on the Constitution must be heard in federal courts so as to avoid prejudice or unfairness of the state or territorial courts, remain applicable.

Thus, for the reasons enunciated in *Moorhead* and *Monroe*, the court reverses the October 2, 1991 order and holds that VITCA does not govern the case at bar.

### B. *Bivens Claims*

■ Since plaintiff's claim is not governed by VITCA, the court must now decide whether *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), governs this case. In *Bivens* the Supreme Court authorized damage suits against federal officials for Fourth Amendment violations.[6] In *Bivens* the petitioner filed suit in federal district court alleging violation by federal officials of his Fourth Amendment rights when federal agents entered his apartment without a warrant and arrested him for narcotics violations. Petitioner's apartment was searched and he was manacled in front of his wife and children. The officers transported the petitioner to the federal courthouse and subjected him to a strip search. Petitioner's complaint alleged that excessive force was used in effecting his arrest and that the arrest was made without probable cause. He sought $15,000 as compensation for the humiliation, embarrassment and suffering he endured during the incident.

---

**4.** Plaintiff's claim in *Moorhead* was a § 1983 claim. *But see Ngiraingas v. Sanchez infra* at 564.

**5.** *Monroe v. Pape* was overruled by the Supreme Court on unrelated grounds by *Monell v. Dept. of Social Svcs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), which held that local governments were not "persons" within the meaning of § 1983.

**6.** Federal courts subsequently applied the *Bivens* rationale to actions brought pursuant to, *inter alia*, the First, Sixth, Eighth and Fourteenth Amendments.

The federal officials argued that petitioner was limited to a tort suit filed in state court. The Supreme Court disagreed and, in reliance on *Bell v. Hood*, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946), held that *"where federally protected rights have been invaded, it has been the rule from the beginning that courts will be alert to adjust their remedies so as to grant the necessary relief."* 327 U.S. at 684, 66 S.Ct. at 777 (emphasis added).

The Court also noted the importance of allowing petitioner to be heard in federal court and held that petitioner could not be remitted to filing only a state tort suit since the "interests protected by the state laws regulating trespass and the invasion of privacy, and those protected by the Fourth Amendment's guarantee against unreasonable searches and seizures, may be inconsistent or even hostile." 403 U.S. at 394, 91 S.Ct. at 2003.

The Court noted that damages were historically regarded as "the ordinary remedy for an invasion of personal interests in liberty." 403 U.S. at 395, 91 S.Ct. at 2004. This, combined with the absence of a specific congressional declaration prohibiting persons injured by a federal official's violation of the Fourth Amendment from recovering money damages, led the Court to hold that the Constitution itself supports a cause of action in federal court for damages against a federal official. 403 U.S. at 397, 91 S.Ct. at 2005. In *Butz v. Economou*, 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978), the Supreme Court extended the principle of *Bivens* to federal Administrative Officials, that "a remedy would be available for he most flagrant and patently unjustifiable sorts of police conduct." *Id.* at 505, n. 32, 98 S.Ct. at 2910, n. 32 (quoting *Bivens*, 403 U.S. at 411, 91 S.Ct. at 2012). In *Butz*, the Supreme Court held that "in a suit for damages arising from unconstitutional action, federal executive officials are entitled only to [a] qualified immunity" and do not enjoy absolute immunity from any liability from damages for actions manifestly beyond their duty, which constitutes an infringement of an individual's constitutional rights. *Butz*, 438 U.S. at 507, 98 S.Ct. at 2911. In addition, the *Butz* majority noted that "[t]he principle should prove as workable in suits against federal officials as it has in the context of suits against state officials." *Id.* Of relevance, to the suit at bar, is the Supreme Court's holding in *Carlson v. Green*, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980), that the availability of a Federal Tort Claims Act (FTCA) suit does not preclude an individual from bringing a *Bivens* action. In so holding, the Court enumerated several factors to support its conclusion, why unlike a *Bivens* remedy, "FTCA is not a sufficient protector of a citizen's constitutional rights." 446 U.S. at 23, 100 S.Ct. at 1474.

While *Bivens* authorized damages actions in federal court against federal officials for violation of constitutional rights, the claim in the case at bar is against Virgin Islands officials and, therefore, is not a *Bivens* claim. *See Davis v. Scherer*, 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984); *Briscoe v. LaHue*, 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983); *Carlson* and *Butz supra*.[7]

### C. *Constitutional Claim*

■ While this case does not technically involve a *Bivens* claim, the court is governed by the Supreme Court's rationale in *Bivens*. Plaintiffs may not be remitted to state or territorial law claims to redress violations of their constitutional rights. Persons alleging violation of federally protected rights must be allowed access to federal courts. 403 U.S. at 394, 91 S.Ct. at 2003. As the Supreme Court stated in *Bivens*, "where federally protected rights have been invaded, it has been the rule from the beginning that courts will be alert to adjust their remedies so as to grant the necessary relief." citing, *Bell v. Hood*, 327 U.S. at 684, 66 S.Ct. at 777. Congress has also long recognized that, for many rea-

---

7. *See Government of Virgin Islands v. Rasool,* 657 F.2d 582 (3rd Cir.1981) (*Bivens* "may provide solace for individuals injured by federal officers, and the recent expansion of § 1983 as a means of recovering for transgressions by state and local officers offers an alternative remedy for state defendants." 657 F.2d at 595 n. 6. *But see Ngiraingas v. Sanchez supra* at 564.

sons, enforcing the Constitution would be accomplished more effectively in federal, as opposed to state, court.[8]

In this case, § 1983, *Bivens* and VITCA do not govern plaintiff's claims. Plaintiff's claim that territorial officials violated his rights guaranteed by the Fourth Amendment, however, states a cause of action grounded in the United States Constitution.[9] The allegations that the Virgin Islands officials violated plaintiff's constitutional rights constitutes, in and of itself, an independent claim for which plaintiff may seek redress in federal court. Like a *Bivens* claim, the Constitution supports plaintiff's action for damages. Thus, the court has subject matter jurisdiction pursuant to 48 U.S.C. § 1612(a) (the jurisdiction of the District Court of the Virgin Islands is coextensive with that of a District Court of the United States. *See Luis v. Dennis,* 751 F.2d 604, 607 (3rd Cir.1984)).

The issue of what recourse exists against territorial officials who violate a plaintiff's civil rights, has been ripe for consideration since the Supreme Court's decision in *Ngiraingas. Ngiraingas* itself offered no advice on the subject. The Court merely stated that Congress did not intend to include territories as "persons" liable under § 1983.

In *Bennett v. Govt. of Virgin Islands,* No. 91–3727 Civ. (3rd Cir. April 30, 1992) [961 F.2d 1566 (table)], the Third Circuit left open the issue of whether *Bivens* provides a remedy in civil rights cases where § 1983 claims are no longer available. While affirming the District Court's dismissal of plaintiff's § 1983 excessive force claim against a Virgin Islands officer, the Court of Appeals stated that it made "no comment on the applicability of *Bivens* ... to a claim for violation of constitutional rights in the absence of a section 1983 claim." *Bennett* at 6 n. 3.[10]

## III. CONCLUSION

Plaintiff's allegation that the Virgin Islands officials violated his constitutional rights constitutes an independent cause of action against the officials for which plaintiff may seek redress in federal court. The Magistrate erred in holding that VITCA governs this case. Plaintiff is not required to satisfy that statute's procedural requirements. Therefore, plaintiff's Motion for Reconsideration of the Magistrate's October 2, 1991 order is granted and, upon reconsideration, the court reverses the order insofar as it requires plaintiff to satisfy the procedures of VITCA and denies plaintiff's motion to amend his complaint. Plaintiff may amend his complaint to allege a Fourth Amendment claim against the above-named defendants.

---

**8.** Although § 1983 does not apply here, looking at its legislative history is helpful. Congressman Coburn summarized the need to reach federal court by stating:

> The United States courts are further above mere local influence than the county courts; their judges can act with more independence, cannot be put under terror, as local judges can; their sympathies are not so nearly identified with those of the vicinage; the jurors are taken from the State, and not the neighborhood; they will be able to rise above prejudice or bad passions or terror more easily.

*District of Columbia v. Carter,* 409 U.S. 418, 428, 93 S.Ct. 602, 608, 34 L.Ed.2d 613 (D.C.Cir.1973) quoting Cong.Globe, 42d Cong., 1st Sess., 460.

**9.** Although plaintiff alleged an Eighth Amendment violation, his complaint must be amended to state a Fourth Amendment claim pursuant to *Graham v. Connor. See supra* note 1.

**10.** *See also Guam Society of Obstetricians & Gynecologists v. Ada,* 962 F.2d 1366 (9th Cir. 1992) (application for *certiorari* filed July 15, 1992) (Ninth Circuit adopted a narrow interpretation of *Ngiraingas* holding that the Supreme Court left open the question of whether § 1983 injunctive relief was available against a Territory.)